(No. 39118.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MAURICE KING, Appellant.

*Opinion filed March 24, 1966.*

ELLIOTT COHEN, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and ALBERT J. ARMONDA, Assistant State's Attorneys,
of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

Defendant, Maurice King, was indicted in a one-count
indictment charging him with the unlawful sale of narcotics.

Defendant pleaded not guilty to this charge. Later he waived a jury, withdrew his plea of not guilty, pleaded guilty to unlawful possession of narcotics, and was sentenced to a term of five to eight years in the penitentiary. He subsequently petitioned for a hearing under the Post-Conviction Hearing Act. On motion of the People the petition was dismissed for failure to raise a constitutional issue. Defendant appeals from this dismissal on the ground that his constitutional rights to demand the nature and cause of the accusation, and not to be twice put in jeopardy for the same offense, have been violated.

Defendant contends that his plea of guilty was a nullity because it was entered to a crime not specifically charged in the indictment, and that the conviction of unlawful possession of narcotics upon an indictment charging only unlawful sale results in a variance sufficient to vitiate his conviction. Defendant's theory is that unlawful possession of narcotics is not a lesser included offense within the charge of unlawful sale of narcotics. This is the paramount issue of the case, for if unlawful possession of narcotics is a lesser included offense, his constitutional rights have not been violated and his argument is without merit.

We agree with defendant that to permit conviction for a lesser offense on an indictment charging only a greater offense, all of the elements of the lesser must be included within the greater. (*People* v. *Glickman*, 377 Ill. 360, *Prindiville* v. *People*, 42 Ill. 217.) This requirement is a substantial one designed to protect the defendant from exposure to double jeopardy.

Defendant insists that possession is a required element of the crime of unlawful possession of narcotics while it is not an essential element of the crime of unlawful sale of narcotics. Therefore he concludes that unlawful possession cannot be a lesser included offense within the charge of unlawful sale, and his conviction cannot stand upon this indictment.

It is clear that exclusive physical possession of narcotics is not required for a conviction for unlawful possession. It is enough that defendant had the intent and capability to maintain control and possession. (*People* v. *Holt,* 28 Ill.2d 30, 33; *People* v. *Fox,* 24 Ill.2d 581; *People* v. *Mack,* 12 Ill.2d 151.) Cognizant of the broad definition of sale in the Uniform Narcotics Act, (Ill. Rev. Stat. 1961, chap. 38, par. 22—2(1),) we believe that a sale of narcotics also requires a similar intent and capability to control and possess. While there need not be proof establishing technical niceties of title, (*People* v. *Aldridge,* 19 Ill.2d 176,) we know of no case sustaining a conviction of the unlawful sale of narcotics without the presence of the intent and capacity to exercise control of the object of the sale. (See *People* v. *Greer,* 28 Ill.2d 107; *People* v. *Parson,* 27 Ill.2d 263; *People* v. *Aldridge,* 19 Ill.2d 176.) Defendant's reliance on *People* v. *Robinson,* 14 Ill.2d 325, is misplaced. In that case defendant clearly had possession of the narcotics and transferred them to others. The evidence of payment for the drugs was not clear, however, and the court stated at 14 Ill.2d 332: "A reference to our Criminal Code reveals that section 1(10) of the Uniform Narcotic Drug Act, then in effect, (Ill. Rev. Stat. 1955, chap. 38, par. 192.1(10),) provides that the term 'sale,' as used in the act, shall have the following meaning: "Sale" includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.' Under the definition of our statute, therefore, as is true under the Federal Narcotics Act (see annotations in 39 A.L.R. 240; 13 A.L.R. 864,) a mere gift, a simple offer or agreement to sell, or the delivery to one who has agreed to purchase, constitutes a sale of narcotics, notwithstanding the fact that no consideration is paid, or that the sale is not fully completed by payment of the agreed price. No further repetition or analysis of the evidence already stated is necessary to reach a finding that the proof

discloses separate 'sales' of narcotics, within the contemplation of the act, to both McKenzie and Foster." It is obvious that this statement was not intended to set forth every element of the crime, and did not indicate that constructive possession is not necessary for a sale.

We recently held that the illegal possession of narcotics is a lesser included offense within the charge of unlawful sale. (*People* v. *Green,* 27 Ill.2d 39, 44; *People* v. *Strong,* 21 Ill.2d 320, 323-4.) Despite the arguments of defendant we adhere to this view. Since this is true, a separate indictment is unnecessary because a plea of guilty may be entered to a crime embraced within the felony charged without defendant being specifically indicted or charged with the lesser offense, (*People* v. *Simmons,* 26 Ill.2d 400,) and defendant's argument relating to double jeopardy lacks merit. *People* v. *Allen,* 368 Ill. 368, 380.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*