No. 48,020

State of Kansas, *Appellee,* v. Larry W. Evans, *Appellant.*

(548 P. 2d 772)

Opinion filed April 10, 1976.

*William L. Winkley,* of Salina, argued the cause, and *Ben A. Sellers, Jr.,* also of Salina, was with him on the brief for the appellant.

*James L. Sweet,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an appeal by defendant Larry W. Evans from a conviction of possession of a controlled substance with intent to sell, in violation of K. S. A. 1975 Supp. 65-4127b (*b*) (1).

On September 5, 1974, Sam Fields, proprietor of the Walgreen Drug Store in Salina, Kansas, noticed two black males, one of whom was defendant, in the front of his store asking the clerks to demonstrate various items. At the same time Fields observed a third black male, later identified as Rance Beasley, in the rear of the store behind the prescription drug counter. When Beasley saw

Fields looking at him he immediately ducked down behind the counter. Fields went to the back of the store and confronted Beasley near the rear door. When asked what he was doing, Beasley denied having been behind the counter and emptied his pockets for Fields to check. Fields then told Beasley he was going to call the police and as he did so Beasley left the store. When defendant and the other man saw what was happening they left the store by the front door. Fields reported a possible attempted drug theft to the police.

Shortly thereafter, Beasley was stopped by police officers at a nearby service station on the basis of the description given by Fields. Defendant and the other man arrived a few minutes later and all three men were questioned by the officers. They told the officers they all came to Salina in defendant's car which was parked inside the service station. According to the officers, the men gave conflicting stories as to their respective occupations and where they were going. The three men, together with defendant's automobile, were taken to the police station and turned over to the detective division for questioning. After having been advised of his constitutional rights defendant signed a consent to search form giving the police permission to search his car. Defendant told the police they would find drugs in the car and that they belonged to him. The search was conducted and in the spare tire cavity of the automobile the police found a paper bag and two bottles containing capsules of secobarbital and pentobarbital, both controlled substances under the Uniform Controlled Substances Act, K. S. A. 1975 Supp. 65-4101, *et seq.* On the basis of this evidence defendant was charged by information with the offense of misdemeanor possession of pentobarbital and secobarbital (65-4127b [*a*] [1] and the felonious possession with intent to sell pentobarbital and secobarbital (65-4127b [*b*] [1]). The misdemeanor count was later dismissed at the request of the state.

At trial, defendant testified that he received the drugs from his brother's friend in Denver and that he had agreed to take them to his brother in Arizona. Defendant claimed he received no compensation, but he was only delivering the drugs. He disclaimed any intent to sell the drugs. At the conclusion of the presentation of evidence the trial court instructed the jury on the elements of the charge of possession with intent to sell, as well as the lesser included offense of possession of a controlled substance. Defendant requested the court to instruct the jury on the offense of delivery

of controlled substances. The trial court refused. Defendant assigns the court's refusal to so instruct as his first point of error.

The trial court has the duty to instruct the jury not only as to the crime charged in the information, but also as to such lesser offenses included therein as may be justified by the evidence. (*State v. Clark*, 214 Kan. 293, 521 P. 2d 298; K. S. A. 21-3107 [3].) Defendant contends if there was any evidence of a "delivery" the trial court was obligated to instruct on the elements of that offense. We believe defendant has misconstrued the nature of a lesser included offense.

K. S. A. 21-3107 (2) defines a lesser included crime in the following language:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(*d*) A crime necessarily proved if the crime charged were proved."

If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser crime must be present and be required to establish the elements of the greater crime charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense. (*State v. Woods*, 214 Kan. 739, 522 P. 2d 967.)

Defendant was charged with the unlawful possession of controlled substances with intent to sell. The elements of that offense, as instructed by the court, are: (1) That defendant had in his possession or under his control pentobarbital and secobarbital; (2) that he willfully and knowingly possessed said drugs; and (3) that he did so with intent to sell. Violation of the offense is a class D felony. The unlawful delivery of a controlled substance is prohibited by K. S. A. 1975 Supp. 65-4127b (*a*). A violation of that offense is considered a class A misdemeanor. A "delivery" is defined in 65-4101 (*g*) as:

" 'Deliver' or 'delivery' means the actual, constructive or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship."

It is evident from the statutory definition that the unlawful delivery of controlled substances has as one of its essential elements the actual, constructive or attempted "transfer." The element of

transfer, however, is not a necessary element of the offense of posses
sion with intent to sell. Neither is possession or intent to sell a
necessary element of delivery. (See, *State v. Grady*, 215 N. W.
2d 213 [Iowa 1974].) It follows that possession with intent to sell
and delivery are separate and distinct offenses. Delivery is not a
lesser included offense of possession with intent to sell. Accordingly,
we hold the trial court did not err in refusing to give defendant's
requested instruction on delivery. For cases from other jurisdictions
consistent with this holding, see: *United States v. Coste'lo*, 183 F. 2d
1366 (5th Cir. 1973); *State v. Ruiz*, 127 N. J. Super. 350, 317 A. 2d
403; and *State v. Nelsen*, 228 N. W. 2d 143 (S. Dak. 1975).

In view of the foregoing conclusion it is not necessary for us to
discuss defendant's complaint as to the trial court's failure to give
an instruction on the definition of "delivery." In addition, defendant
now concedes the trial court did not err in refusing to give his
requested instruction on the definition of a "sale." Defendant sought
to have the court instruct the jury in accordance with the accepted
commercial definition of "sale", which is defined in Black's Law
Dictionary, Rev. Fourth Ed., p. 1503, as "a contract whereby prop-
erty is transferred from one person to another for a consideration
of value."

In *State v. Woods*, supra, we disapproved of the use of the defi-
nition of "sale" normally given it in the context of commercial law.
That case arose under the now repealed Uniform Narcotic Drug
Act (formerly K. S. A. 65-2501, *et seq.* [Corrick]), which defined
"sale" as follows:

" 'Sale' includes barter, exchange, or gift, or offer therefor, and each such
transaction made by any person, whether as principal, proprietor, agent, servant,
or employee." (K. S. A. 65-2501 [10] [Corrick].)

The Uniform Narcotic Drug Act has since been replaced with
the Uniform Controlled Substances Act (K. S. A. 1975 Supp. 65-4101,
*et seq.*), which does not include a definition of "sale." However,
in the recent case of *State v. Nix*, 215 Kan. 880, 529 P. 2d 147, we
discussed the meaning of "sale" as used in the new act and indicated
our approval of the former statutory definition. We said:

".  .  . The appellant in the case at bar was prosecuted under the new
act entitled 'Uniform Controlled Substances Act' (K. S. A. 65-4101 *et seq.*),
which does not define 'sale'. However, we are not constrained to restrict the
definition discussed in *State v. Woods*, supra. Assuming the appellant's version
of the facts, the transaction between Eckhart and the appellant nevertheless
constituted a 'sale'. Whether or not the appellant possessed legal title to the

marijuana, or received any consideration in return for the transfer is immaterial." (p. 882.)

The instruction requested by defendant was contrary to the accepted definition of a sale of controlled substances. The trial court correctly refused to give defendant's requested instruction.

Defendant next contends the trial court should not have let the case go to the jury on the charge of possession with intent to sell since there was not sufficient evidence to establish a prima facie case. Defendant does not dispute the fact he possessed the drugs, but he denies he did so with intent to sell them.

The evidence offered by the state to show an intent to sell consisted primarily of testimony as to the large quantity of drugs found in the automobile. After the pills were discovered in defendant's automobile they were sorted and counted by the police. In all, the police found 2,312 capsules of secobarbital and pentobarbital. A police detective called as a witness by the state testified that, based on his experiences with drug cases, persons merely possessing drugs without intending to sell them would have anywhere from two to fifty of the smaller amphetamine pills; whereas, persons intending to sell drugs would have a much larger quantity. He further testified that defendant told him he was going to "get rid of them," which indicated to him that defendant was going to sell the drugs.

As further evidence of defendant's intent to sell the drugs the state introduced the testimony of the druggist, Fields, who related the incident at his store with the three suspects. From this testimony the state argues it is reasonable to infer defendant and his companions were attempting to steal an additional large quantity of drugs. Fields also observed that in his twenty-three years as a pharmacist he had never sold the types of pills possessed by defendant in quantities greater than sixty.

The state had the burden to prove defendant's guilt beyond a reasonable doubt. On appeal from a criminal conviction, this court's role is limited to a determination of whether there is a basis in the evidence for a reasonable inference of guilt. (*State v. Norwood*, 217 Kan. 150, 535 P. 2d 996; *State v. Nicolay*, 202 Kan. 209, 447 P. 2d 403.) As instructed by the court, it was for the jury to determine whether defendant merely possessed the drugs or whether he intended to sell them. By its nature, the element of intent is difficult to prove by direct evidence. Intent is a state of mind existing at the time a person commits an offense and it may

be shown by acts, circumstances and inferences deducible therefrom. (*State v. Mans*, 213 Kan. 36, 515 P. 2d 810.) Numerous courts from other jurisdictions have held that the quantity of a controlled substance is evidence of an intent to sell. (*State v. Sibley*, 310 So. 2d 100 [La. 1975]; and *Simmons v. State*, 301 So. 2d 565 [Miss. 1974].) See also, 60 A. L. R. 3d Anno., Drugs— Presumption of Intent to Sell, p. 1128.

In the instant case defendant has admitted possession of illegal drugs. The state introduced testimony indicating the significance of possession of a large amount of drugs. There was also testimony implicating defendant in a possible attempted theft of an additional quantity of drugs. In view of this evidence, as well as defendant's own statement that he was going to get rid of the drugs, we believe there was sufficient evidence to support a reasonable inference of guilt. The trial court did not err in finding the state had presented a prima facie case of possession with intent to sell.

The final point raised by defendant is that the trial court erred in refusing to suppress evidence of the drugs taken from his automobile. His claim is founded on the contention that his consent to the search was obtained as the result of an illegal arrest. The validity of the arrest is challenged on the basis of lack of probable cause. Substantially the same argument was raised by way of a motion to suppress which was denied by the trial court.

No question is raised as to whether there was an arrest of defendant inasmuch as there was an actual restraint of his person and he submitted to the custody of the officers. (See, K. S. A. 22-2405.) Nor is there any doubt defendant was advised of his constitutional rights prior to signing the consent form. It is the contention of the state, both here and at the motion to suppress, that at the time the officers took defendant and his companions into custody they had probable cause to believe the suspects had committed at least an attempted theft of controlled substances.

K. S. A. 22-2401 (*c*) provides a law enforcement officer may arrest a person when he has probable cause to believe the person has committed a felony. It further provides an arrest based on probable cause to believe that a person has committed a misdemeanor is justified if the officer has probable cause to believe the person will not be apprehended or the evidence will be lost unless an immediate arrest is made. Although the facts known by the officers at the time they arrested defendant would not necessarily

indicate that a felony had been committed, if there was probable cause to believe a misdemeanor was committed it would be reasonable for them to conclude the suspects would not be apprehended unless they were immediately arrested. This conclusion follows from the fact defendant and his companions advised the officers they were from out-of-state and were merely passing through Salina. Also, the trio had immediate access to defendant's car which was parked at the service station.

Thus, we need only to determine whether there was probable cause to believe defendant had committed a misdemeanor. Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. (*Adams v. Williams*, 407 U. S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921.) Under the so-called "prudent man" test which has been adhered to by this court, probable cause exists if the facts and circumstances known to the officer would lead a prudent man to believe that an offense has been committed. It is only necessary that the evidence lead the officer to believe that guilt is more than a possibility. (*State v. Curtis*, 217 Kan. 717, 538 P. 2d 1383.)

In the instant case the evidence produced at the hearing on the motion to suppress disclosed that the arresting officers had been notified by the police dispatcher of the attempted theft at the drug store. When the first officer came upon the scene he saw Beasley taking an indirect route to a nearby service station. Several minutes later defendant and his companion also arrived at the service station. All three men fit the description given by the druggist. The arresting officers knew that defendant, together with his two friends, had been in the drug store and that one of them had been seen behind the prescription drug counter, an area not open to the public. One of the officers took Beasley to the drug store, whereupon the druggist identified him as the man behind the counter. Although all three men admitted they were in the drug store, Beasley denied having been behind the drug counter. Both officers testified the three suspects gave conflicting stories as to why they were in Salina and where they were going. Based on these facts the officers took the three men to the police station for further questioning.

We conclude the facts and circumstances known to the officers at the time of the arrest were sufficient to justify a belief on their part that there had been an attempted theft at the drug store. Since there was probable cause to arrest defendant, the trial court

did not err in refusing to suppress evidence obtained as the result of the consensual search of defendant's vehicle.

We have carefully considered all points raised by defendant in his appeal and we find no error. The judgment of the trial court is affirmed.