(No. 52638.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID B. LEWIS, Appellee.

*Opinion filed October 17, 1980.—Rehearing denied November 26, 1980.*

MORAN, J., dissenting.

William J. Scott and Tyrone C. Fahner, Attorneys General, of Springfield, and Nicholas G. Byron, State's Attorney, of Edwardsville (Donald B. Mackay, Melbourne A. Noel, Jr., and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, and Raymond F. Buckley, Jr., and Gillum Ferguson, of the State's Attorneys Appellate Service Commission, of Mount Vernon, of counsel), for the People.

Donald E. Groshong, of Groshong & Moorman, Ltd., of East Alton, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

After a jury trial in the circuit court of Madison County the defendant, David B. Lewis, was found guilty of the unlawful possession of cannabis with intent to deliver it in violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, par. 705(e)). Judgment was entered on the verdict, and the defendant was sentenced to three years' imprisonment. The appellate court reversed (75 Ill. App. 3d 1009), and we granted the State's petition for leave to appeal. 73 Ill. 2d R. 315.

The proceedings against the defendant commenced with the filing of an information charging that he knowingly and unlawfully delivered more than 500 grams of a substance containing cannabis in violation of section 5(e) of the Act. Section 5 makes unlawful the delivery of cannabis, prescribing different penalties whose severity varies with the amount involved. Section 5(e) provides:

> "It is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis. Any person who violates this section with respect to:
>
> ***
>
> (e) more than 500 grams of any substance containing cannabis is guilty of a Class 2 felony." Ill. Rev. Stat. 1979, ch. 56½, par. 705(e).

A Class 2 felony provides for a determinate sentence of not less than three years and not more than seven years. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(5).

The testimony presented on behalf of the prosecution was that the person to whom the defendant was charged with having delivered the cannabis was an undercover police officer. The officer had arranged a rendezvous for the purpose of purchasing a specified quantity of cannabis from the defendant at an agreed price. When the defendant arrived at the rendezvous in a van containing the cannabis, a second undercover agent handed the defendant a portion of the agreed purchase price, but the officers disclosed their identity and placed the defendant under arrest before the cannabis was physically transferred to them.

At the close of the prosecution's case the defendant moved for a directed verdict of not guilty on the ground that no delivery had been proved. The motion was denied. The defendant announced that he would not present any evidence, and renewed his motion, which was again denied. The case then went to the jury, which, over the objections of the defendant, was instructed on both the offense of delivery and the offense of possession with the intent to

deliver. The jury returned a guilty verdict as to each offense. Following motions by the defendant for a new trial and in arrest of judgment, the trial court set aside the verdict finding the defendant guilty of delivery. The court let stand, however, the verdict finding the defendant guilty of possession with intent to deliver, and entered judgment upon it.

The principal issue upon appeal is the defendant's contention that he could not be convicted of the offense of possessing cannabis with intent to deliver it since the information did not charge him with that offense. The constitution and statutes of this State provide, of course, that no person shall be convicted of an offense which he has not been charged with having committed. (Ill. Const. 1970, art. I, secs. 2, 7, 8; Ill. Rev. Stat. 1979, ch. 38, pars. 111—3, 113—1, 113—4.) As was held in *People v. Lewis* (1940), 375 Ill. 330, however, at common law a defendant might be convicted of a lesser offense if each element of the offense was a necessary ingredient of an offense of higher degree with which he had been charged, and this court held that that principle did not violate due process. 375 Ill. 330, 334-35.

The principle of the common law doctrine is now embodied in section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 2—9), which provides:

> "Included offense" means an offense which
> (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or
> (b) Consists of an attempt to commit the offense charged or an offense included therein."

Section 2—9 is implemented by section 3—4 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 3—4), which provides that the conviction of an included offense operates as an acquittal of the offense charged, thus

barring a subsequent prosecution for the latter. It will be observed that the characterization of an included offense as being the "lesser" offense, found in many opinions, has not been made a part of section 2—9.

In reversing the judgment of the trial court the appellate court, without referring to section 2—9, held that the offense of possessing cannabis with the intent to deliver it was not an included offense of the delivery of the same cannabis. We agree with the State that the appellate court erred in this respect.

The principle that a defendant may be convicted of an included offense has been recognized in many contexts, but neither party has called our attention to any case considering whether possession with intent to deliver is an included offense of the offense of delivery where the defendant was charged only with delivery and not with possession with intent to deliver.

We consider that *People v. King* (1966), 34 Ill. 2d 199, is dispositive, however. That decision involved the former Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49.1), which was repealed in 1971 (1971 Ill. Laws 1538, 1571). Section 3 of that act (Ill. Rev. Stat. 1969, ch. 38, par. 22—3) made it unlawful for any person to manufacture, possess, have under his control, or sell any narcotic drug, except as authorized in the Act. The court held that the sale of a drug, the offense with which the defendant had been charged, necessarily presupposed his possession of it, and that the proof of the defendant's intent and capacity to exercise control over the object of the sale which was requisite to establish a sale would also suffice to show the offense of possession. 34 Ill. 2d 199, 201.

Section 5 of the Cannabis Control Act speaks in terms of delivery rather than sale, and section 3(d) (Ill. Rev. Stat. 1979, ch. 56½, par. 703(d)) defines "delivery"

as "the actual, constructive or attempted transfer of possession." What was said in *King* concerning the included relationship between possession and sale under the former Uniform Narcotic Drug Act is equally applicable to the relationship between delivery and simple possession under the present act, and the defendant could thus have been convicted under section 4 of the Act (Ill. Rev. Stat. 1979, ch. 56½, par. 704), which makes simple possession unlawful and subject to penalties, although the latter are less severe than those prescribed by section 5. It is a violation of section 5, however, of which the defendant was convicted.

A conviction for delivery would necessarily require proof that the delivery was voluntary, or intentional, nevertheless, and it follows that the defendant must have had an intent to deliver the cannabis at the time that he did so. The reasoning of *King* thus leads to the conclusion that possession with intent to deliver is as much an included offense as is possession alone.

It is of course true that a person might acquire and possess cannabis for the purpose of personal use, or, if the requisite authorization from the Department of Law Enforcement has been obtained, for the purpose of research (Ill. Rev. Stat. 1979, ch. 56½, par. 711). In the latter case the possession would be lawful, and in either case an intent to deliver would at that point be lacking. That consideration is irrelevant, however, for if the cannabis is subsequently delivered, the element of intent to deliver will have been supplied, as has just been noted.

The defendant cites cases from other jurisdictions under statutes regulating the possession and delivery of narcotics where it was held that a defendant may validly be convicted and punished for both offenses where both the offense of sale or delivery and the offense of possession or possession with intent to deliver are charged.

The defendant points out that this result is based on the premise that possession with intent to deliver is not an included offense of delivery. See, *e.g.*, *Gee v. State* (1969), 225 Ga. 669, 673-74, 171 S.E.2d 291, 295; *State v. Cameron* (1973), 283 N.C. 191, 202, 195 S.E.2d 481, 488-89; *State v. Davis* (1975), 68 N.J. 69, 82-83, 342 A.2d 841, 847-48; *United States v. Horsley* (5th Cir. 1975), 519 F.2d 1264; *cf. State of Evans* (1976), 219 Kan. 515, 517-18, 548 P.2d 772, 776.

We are, of course, not confronted here with the situation of multiple convictions or punishments, but we note that other courts, in dealing with that situation, have reached a result contrary to that in the decisions cited by the defendant. (See, *e.g.*, *People v. Martin* (1976), 398 Mich. 303, 247 N.W.2d 303; *People v. Stewart* (1977), 400 Mich. 540, 256 N.W.2d 31; *Jackson v. State* (Wyo. 1974), 522 P.2d 1356; *United States v. Oropeza* (9th Cir. 1977), 564 F.2d 316.) The defendant's arguments do not in any event persuade us either that *People v. King* is not controlling or that that decision should not be adhered to.

The defendant also urges, as he did in the appellate court, that his conviction was improper because the jury did not find that the weight of the substance containing the cannabis exceeded 500 grams. This omission is said to be significant because section 5 of the Act provides graduated penalties according to the weight, ranging downward from a Class 2 felony for over 500 grams to a Class B misdemeanor if the weight is not more than 2.5 grams. It does not appear from the record that there was any dispute as to the weight involved, nor did the defendant tender an instruction on that subject. The charge was that over 500 grams were involved, and under these circumstances the general verdict returned by the jury was sufficient to support a conviction of violating section 5(e).

For the reasons given the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE MORAN, dissenting:

A criminal offense in Illinois requires two basic elements: (1) a voluntary act and (2) the requisite mental state. (Ill. Rev. Stat. 1979, ch. 38, pars. 4—1, 4—3.) (The exception to the necessary-mental-state requirement is when the legislature imposes absolute liability on a particular voluntary act (Ill. Rev. Stat. 1979, ch. 38, par. 4—9).) Section 4—3(a) of the Criminal Code of 1961 provides that one cannot be guilty of an offense unless he acts with one of the following mental states: intent (Ill. Rev. Stat. 1979, ch. 38, par. 4—4), knowledge (Ill. Rev. Stat. 1979, ch. 38, par. 4—5), recklessness (Ill. Rev. Stat. 1979, ch. 38, par. 4—6) or negligence (Ill. Rev. Stat. 1979, ch. 38, par. 4—7).

The statute with which we are concerned in this case provides:

> "It is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis. ***" (Ill. Rev. Stat. 1979, ch. 56½, par. 705.)

The court's opinion states, "A conviction for delivery would necessarily require proof that the delivery was voluntary, or intentional, nevertheless, and it follows that the defendant must have had an intent to deliver the cannabis at the time that he did so." (83 Ill. 2d at 302.) In the situation that confronts us, however, no delivery occurred. Consequently, there is no delivery from which the intent to deliver can be inferred. Further, the quoted language deviates from the statutory constraints of article 4 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 4—1 *et seq.*) in two

respects. First, to support an unlawful-delivery conviction, the delivery must be voluntary *and* accompanied by a requisite mental state. Second, defendant must have *one* of the necessary mental states. That mental state is clearly delineated in section 5 of the Cannabis Control Act: "It is unlawful for any person *knowingly* to manufacture, deliver, ***." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 56½, par. 705.) All that is necessary to support a delivery conviction is a voluntary act accompanied by knowledge, not intent, of delivery.

The majority relies on *People v. King* (1966), 34 Ill. 2d 199, in holding that possession with intent to deliver is an included offense of delivery. In *King,* the defendant was charged with the unlawful sale of a drug. The court held that unlawful possession could be inferred from the unlawful sale. The statute on which *King* was based, however, differs in a significant respect from the statute that confronts us here. *King* involved the former Uniform Narcotic Drug Act, section 3 (Ill. Rev. Stat. 1961, ch. 38, par. 22–3), which provided in pertinent part:

> "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act."

As can be observed, no mental state is expressed. However, section 4–3(b) of the Code, in existence then and identical to the provision now in effect, stated, "If the statute does not prescribe a particular mental state applicable to an element of an offense ***, any mental state defined in Sections 4–4 [intent], 4–5 [knowledge] or 4–6 [recklessness] is applicable." (Ill. Rev. Stat. 1961, ch. 38, par. 4–3(b).) Accordingly, the court found that the mental state required for unlawful possession could be inferred from the same mental state that had to be proved to support an unlawful-sale conviction.

Since the *King* decision, the legislature enacted the

present Cannabis Control Act. The pertinent provision provides:

> "It is unlawful for any person knowingly to manufacture, deliver, or *possess with intent to deliver,* or manufacture, cannabis. ***" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 56½, par. 705.)

Here, a delivery conviction requires knowledge—a general intent—whereas possession with intent to deliver requires specific intent, a different mental state. The statutory language is not analogous to that in the former Uniform Narcotic Drug Act, and the court's reliance upon *King* is, therefore, misplaced.

Specific intent is a more culpable mental state than knowledge and, therefore, possession with intent to deliver cannot be an included offense of delivery. In the instant case, because possession with intent to deliver is not an included offense of delivery, the defendant should have been separately charged with that offense. As stated by the majority, the constitution and statutes of this State provide that a person shall not be convicted for an offense with which he has not been charged.

For the above reasons, as well as for the reasoning found in my dissent in *People v. Barker* (1980), 83 Ill. 2d 319, I would affirm.