FIFTH DIVISION
May 12, 2006

No. 1-04-2157

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH BEARD, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

After a bench trial, defendant Keith Beard was convicted of three counts of aggravated kidnapping for ransom and was sentenced to 30 years in prison. As a result of his conviction for aggravated kidnapping, defendant was required to register as a sex offender, pursuant to the Sex Offender Registration Act (the Registration Act) (730 ILCS 150/1 et seq. (West 2002)) and the Sex Offender and Child Murderer Community Notification Law (the Notification Law) (730 ILCS 152/101 et seq. (West 2002)). Defendant appeals, arguing that the Registration Act and Notification Law are unconstitutional as applied to him because his crime did not have a sexual motivation or component. Defendant further contends that section 5-4-3 of the Unified Code of Corrections (the Code) (730 ILCS 5/5-4-3 (West 2002)), which requires a blood sample for persons convicted of sexual offenses or found sexually dangerous, is unconstitutional as a violation of his fourth amendment right against unreasonable search and seizure. For the reasons stated in this opinion, we uphold the constitutionality of

the challenged statutes.

On May 17, 2002, a woman and her two children, age two and seven at the time, were kidnapped in front of their home by two men. The men drove the woman and her children to the defendant's residence and parked the car inside the garage. The two men talked to the woman's husband on her cell phone and demanded money and drugs in exchange for his wife and children. At approximately 11 p.m., defendant went to the garage with the victims and told the woman to sit in the car with her children. Defendant sat outside the car holding a gun. Police apprehended defendant and his accomplices the next day after they took the victims to a pay phone.

The trial court found defendant guilty of three counts of aggravated kidnapping for ransom and two counts of aggravated kidnapping of a child under 13 years of age. Defendant was sentenced to three concurrent 30-year sentences. The court ordered a sample of defendant's DNA be taken pursuant to section 5-4-3 of the Code.

## ANALYSIS

Defendant argues that the Registration Act and Notification Law are unconstitutional as applied to him because his crime did not involve any sexual motivation or component and, thus, should not be included as a sex offense. Defendant's argument is based on due process, right of privacy and equal protection grounds.

The Registration Act and Notification Law "set out a comprehensive scheme providing for the registration and community notification of sex offenders." People v. Malchow, 193 Ill. 2d 413, 416, 739 N.E.2d 433, 437 2000. The legislative intent behind the creation of the Registration Act and Notification Law was "to create an additional measure of protection for children

2

from the increasing incidence of sexual assault and child abuse." *Malchow*, 193 Ill. 2d at 420, 739 N.E.2d at 438. Section 2 B 1.5 of the Registration Act classifies aggravated kidnapping as a sex offense when "the victim is a person under 18 years of age, the defendant is not a parent of the victim, and the offense was committed on or after January 1, 1996." 730 ILCS 150 2 B 1.5 West 2002 . The offenses of kidnaping, unlawful restraint and aggravated unlawful restraint, or an attempt to commit any one of those offenses, also trigger the requirement that the defendant register as a sex offender. 730 ILCS 150 2 B 1.5 .

Here, defendant was convicted of aggravated kidnapping and was required to "register as a sex offender in person and provide accurate information as required by the Department of State Police," pursuant to section 3 a of the Registration Act 730 ILCS 150 3 a West 2002 . The Notification Law provides that when a person registers as a sex offender, "the offender shall notify the law enforcement agency having jurisdiction with whom the offender registers that the offender is a sex offender." 730 ILCS 152 110 West 2002 . The Notification Law requires the Illinois State Police to maintain a "Statewide Sex Offender Database" to identify sex offenders and make the information available to the people specified in the Notification Law. 730 ILCS 152 115 a West 2002 .

## I. Due Process

Defendant asserts that the Registration Act and Notification Law infringe on his fundamental rights to procedural and substantive due process protections. Specifically, defendant claims that his fundamental liberty interests in maintaining a living and rearing his children are being abridged unnecessarily and arbitrarily. Defendant further contends that his right to procedural due process is violated because he is automatically labeled a sex offender based on the commission of a crime  aggravated kidnapping  without notice or opportunity to challenge that characterization.

Procedural due process requires that a person in danger of serious loss of life, liberty or property be given notice of the case against him and opportunity to meet it. *Mathews v. Eldridge*, 424 U.S. 319, 348, 47 L. Ed. 2d 18, 41, 96 S. Ct. 893, 909  1976 . Substantive due process bars the government from arbitrarily exercising its power without the reasonable justification of serving a legitimate interest. *Daniels v. Williams*, 474 U.S. 327, 331, 88 L. Ed. 2d 662, 668, 106 S. Ct. 662, 665  1986 .

When confronted with a claim that a statute violates constitutional guarantees of due process, the court must first determine the nature of the right upon which the statute allegedly infringes. *People v. Cornelius*, 213 Ill. 2d 178, 203, 821 N.E.2d 288, 304  2004 . Where the right infringed upon is a constitutionally protected fundamental right, the statute is subject to strict scrutiny analysis. *Cornelius*, 213 Ill. 2d at 204, 821 N.E.2d at 304. The rational basis test is used to determine the validity of a statute challenged on due process grounds where the statute does not affect a fundamental right. *Cornelius*, 213 Ill. 2d at 203, 821 N.E.2d at 304. To satisfy the rational basis test, a statute must only bear a rational relationship to the purpose the legislature sought to accomplish in enacting the statute. *Cornelius*, 213 Ill. 2d at 203-04, 821 N.E.2d at 304.

We also note the well-settled axiom that statutes are presumed constitutional and the burden of establishing a statute's invalidity falls on the party that is challenging the statute. *In re J.W.*, 204 Ill. 2d 50, 62, 787 N.E.2d 747, 755 2003 . Courts have a duty to construe a statute in a manner that upholds its validity and constitutionality if that can be reasonably done *Malchow*, 193 Ill. 2d at 418, 739 N.E.2d at 437 , and a statute should be upheld as long as a conceivable basis exists for finding a reasonable relationship to the public interest to be protected. *J.W.*, 204 Ill. 2d at 66, 787 N.E.2d at 757. This court reviews the constitutionality of a statute *de novo*. *J.W.*, 204 Ill. 2d at 62, 787 N.E.2d at 755.

Defendant contends that the Registration Act and Notification Law violate his constitutional due process rights and should be subject to strict scrutiny. Defendant further argues that even if this court does not use strict scrutiny, the laws should fail under a rational basis analysis. The Illinois Supreme Court has determined that the Registration Act and Notification Law do not infringe on fundamental rights and are subject to the rational basis test. *J.W.*, 204 Ill. 2d at 67, 787 N.E.2d at 758. In *J.W.*, the Illinois Supreme Court upheld the validity of the Registration Act and Notification Law against due process arguments. *J.W.*, 204 Ill. 2d at 68, 787 N.E.2d at 758. The court reaffirmed an earlier holding that the statute reasonably served the purpose of assisting law enforcement in protecting children against sex offenders, and the statute thus satisfied the requirements of substantive due process. *J.W.*, 204 Ill. 2d at 67-68, 787 N.E.2d at 758, citing *People v. Adams*, 144 Ill. 2d 381, 581 N.E.2d 637 1991 .

This court has recently upheld the validity of the Registration Act and Notification Law in the

context of due process.[1] In *People v. Fuller*, 324 Ill. App. 3d 728, 730, 756 N.E.2d 255, 257 2001 , the defendant stole a van, and two children, ages 6 and 15, had been left inside the van while their father went into a store. Based on the children's presence in the stolen van, the defendant was convicted of aggravated kidnapping of a minor and was thus required to comply with the Registration Act. *Fuller*, 324 Ill. App. 3d at 729-30, 756 N.E.2d at 257. The defendant challenged the Registration Act as applied to him based on due process grounds. *Fuller*, 324 Ill. App. 3d at 731, 756 N.E.2d at 258. The court stated that because the Registration Act does not affect a fundamental right, the rational basis test should be used to determine whether a due process violation occurred. *Fuller*, 324 Ill. App. 3d at 731-32, 756 N.E.2d at 258. The court noted that every provision of the Registration Act relates to registration of convicted sex offenders and that the act serves the purpose of governing sex offender registration and the release of such information.

---

[1] Although the Registration Act and Notification Law recently were challenged in *People v. Hall*, 217 Ill. 2d 324, 841 N.E.2d 913 (2005), the Illinois Supreme Court decided that case on other grounds and did not reach the issue.

*Fuller*, 324 Ill. App. 3d at 732, 756 N.E.2d at 259.

The *Fuller* court further observed that the General Assembly decided to protect the children of Illinois from sex crimes by creating the Registration Act, which allows law enforcement officials to more easily locate child sex offenders. *Fuller*, 324 Ill. App. 3d at 732-33, 756 N.E.2d at 259. The Registration Act was reasonably related to the public interest of protecting children from harm. *Fuller*, 324 Ill. App. 3d at 733, 756 N.E.2d at 259. The court rejected the defendant's argument that aggravated kidnapping has no relationship to the Registration Act's purpose of protecting children from sex offenders. *Fuller*, 324 Ill. App. 3d at 733, 756 N.E.2d at 260. We agree with the *Fuller* court's reasoning that an obvious connection exists between aggravated kidnapping and the purpose of the Registration Act because aggravated kidnapping is often a precursor to more grievous sexual offenses. *Fuller*, 324 Ill. App. 3d at 733, 756 N.E.2d at 259.

Defendant argues that his offense differs from the crime in *Fuller*. In *Fuller*, the arresting police officer testified that when he asked the defendant what he intended to do with the children that he kidnapped, the defendant told the officer that "he was going to find a hotel room and ask the girl if she had any friends." *Fuller*, 324 Ill. App. 3d at 733, 756 N.E.2d at 259. Defendant argues that here, in contrast to *Fuller*, no evidence was presented here of a sexual component to his crime, and he argues that the law is arbitrarily applied to him without the justification of serving the purpose of the Registration Act.

However, the statute does not require blatant evidence of a sexual component to the offense of aggravated kidnapping. 730 ILCS 150 2 B 1.5 West 2002 . The statute requires defendant to register as a sex offender based on his conviction for aggravated kidnapping, and that offense was included in the statute because the General Assembly deemed that aggravated kidnapping often is a precursor to more grievous sex offenses. 730 ILCS 150 2 B 1.5 West 2002 .

7

1-04-2157

The dissent in this case argues that the crime of aggravated kidnapping contains no sexual element and asserts that the facts here did not establish that defendant engaged in such activity with either minor victim. That argument also was recently espoused by the majority in *People v. Johnson*, 363 Ill. App. 3d 356, 363-64, 843 N.E.2d 434, 440 (2006). The defendant in *Johnson* argued that his classification as a sex offender based on a conviction for aggravated kidnapping was arbitrary and unreasonable when no sexual motivation was involved. *Johnson*, 363 Ill. App. 3d at 363, 843 N.E.2d at 440. Using the rational basis test, the court in *Johnson* held the Registration Act unconstitutional as applied to that defendant, and the court distinguished *Fuller* based on the statement made by the defendant that indicated his possible sexual motivation. *Johnson*, 363 Ill. App. 3d at 363, 843 N.E.2d at 440. The court in *Johnson* also relied on authority from Florida, Ohio and New York. *Johnson*, 363 Ill. App. 3d at 364, 843 N.E.2d at 440.

The dissent in *Johnson* noted, however, that it is the nature of the offense – aggravated kidnapping – that triggers the Registration Act. *Johnson*, 363 Ill. App. 3d at 364, 843 N.E.2d at 441 (Wolfson, J., specially concurring in part and dissenting in part). Moreover, the dissent found it reasonable for the General Assembly to conclude that a person who kidnaps a child may commit a sexual crime with that child. *Johnson*, 363 Ill. App. 3d at 364-65, 843 N.E.2d at 441 (Wolfson, J., specially concurring in part and dissenting in part). The *Johnson* dissent further noted that the General Assembly has the power to protect children from a person convicted of aggravated kidnapping by requiring that person to register as a sex offender. *Johnson*, 363 Ill. App. 3d at 365, 843 N.E.2d at 441 (Wolfson, J., specially concurring in part and dissenting in part). See also *In re Phillip C.*, 1-04-1109 (March 31, 2006) (largely relying on *Fuller* but noting the majority opinion in *Johnson*).

8

*Here, the dissent presents a valid argument that because a defendant convicted of aggravated kidnapping does not, as an element of that offense, engage in a sexual act, the application of the Registration Act and Notification Law to such a defendant is overbroad. Indeed, the aggravated kidnapping statute lists eight different methods of committing that offense, only one of which specifically mentions children. See 720 ILCS 5 10-2 (a)(2) (West 2002) (a person commits aggravated kidnapping when the victim is "a child under the age of 13 years or a severely or profoundly mentally retarded person"). However, the Registration Act classifies aggravated kidnapping as a sex offense only if the victim of the aggravated kidnapping is younger than 18 years of age, and the putative kidnapper is not the victim's parent. 730 ILCS 150 2 (B)(1.5). Therefore, the sex offender registration and notification provisions are not triggered in every aggravated kidnapping case but only when the victim of the kidnapping is a youth who is taken by someone other than a parent. The General Assembly had a rational basis to apply the registration and notification requirements based on its view that kidnappers of children, or those convicted of the unlawful restraint of children, or those who attempt those offenses, may have a propensity to commit sexual crimes against children. It is not the role of this court to override the General Assembly's rational basis for the statute. The application of the Registration Act and Notification Law to defendant does not violate his due process rights.*

## II. Privacy

Defendant next contends that the dissemination of his information through the Registration Act and Notification Law violate his constitutional rights to privacy. The United States Constitution provides a right of privacy that applies to personal decisions involving marriage, procreation, contraception, family relationships and child rearing. *Carey v. Population*

*Services International*, 431 U.S. 678, 684-85, 52 L. Ed. 2d 675, 685, 97 S. Ct. 2010, 2016 (1977). The Illinois Supreme Court has held previously that the information obtained from sex offenders required to register under the Registration Act and Notification Law is not subject to the federal right to privacy. *Malchow*, 193 Ill. 2d at 425, 739 N.E.2d at 441.

The right of privacy protected by article I, section 6, of the Illinois Constitution extends beyond the federal right of privacy by " 'expressly recognizing a zone of personal privacy,' " and this provision is broad and without restrictions. *Malchow*, 193 Ill. 2d at 425, 739 N.E.2d at 441, quoting *Kunkel v. Walton*, 179 Ill. 2d 519, 537 1997 Ill. Const. 1970, art. I, §6. This right only protects against unreasonable invasions of privacy. *Malchow*, 193 Ill. 2d at 425, 739 N.E.2d at 441. The court first must determine whether the defendant has a reasonable expectation of privacy in his sex offender registry information and then consider whether the public access to that information unreasonably invades that privacy expectation. *Cornelius*, 213 Ill. 2d at 193-94, 821 N.E.2d at 299.

Our supreme court has held that a defendant does not have a reasonable expectation of privacy in his sex offender registry information because that information is already public as part of the court record and the dissemination of that information is the result of the defendant's own criminal conduct. *Cornelius*, 213 Ill. 2d at 196, 821 N.E.2d at 300. In *Cornelius*, the court determined that the defendant lowered the reasonable expectation of privacy by committing a crime that resulted in his prosecution and a public record that contains the challenged information. *Cornelius*, 213 Ill. 2d at 196, 821 N.E.2d at 300. Since the reasonable expectation of privacy was minimal, the defendant had no legitimate privacy interest in information that was already a public record  thus, he could not argue that it should not be compiled and disseminated under the Registration Act and Notification Law. *Cornelius*, 213 Ill. 2d at 196-97,

**821 N.E.2d at 300.**

In this case, defendant argues that *Cornelius* should not apply because that case involved a defendant who committed a sex-related offense, aggravated criminal sexual abuse. Defendant at bar maintains that his offense of aggravated kidnapping did not contain a sexual component. However, the General Assembly created the Registration Act and Notification Law with the clearest intent to include aggravated kidnapping as an offense that requires registration and dissemination of the registry information, evidenced by the express inclusion of aggravated kidnapping in the statute. 730 ILCS 150 2 B 1.5 West 2002 .

Defendant's argument is based on case law that is distinguishable from the weight of authority in Illinois, such as *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 604 N.E.2d 929 1992 . Defendant argues that case establishes his privacy right in the sex offender registry information however, it is distinguishable because it involved two people who had not been charged with anything at the time they were required to submit hair samples and provide fingerprints. See *Will County Grand Jury*, 152 Ill. 2d at 385, 604 N.E.2d at 931. In this case, defendant was charged with and convicted of aggravated kidnapping, and all information from the court records is already available to the public.

Defendant also relies on cases from other jurisdictions, as well as a law review article, to argue that the dissemination of the registry information could lead to acts of "vigilantism" against him because people will be able to search out his information and possibly cause him harm. See *Paul P. v. Verniero*, 170 F.3d 396 3rd Cir. 1999 . However, that argument does not persuade this court to disregard established Illinois law that defendant's conduct has caused the loss of his expectation of privacy in the sex offender registry information and that the State has a substantial interest in the compilation and dissemination of this information to help law enforcement protect children from sex offenders. See *Cornelius*, 213 Ill. 2d at

200-01, 821 N.E.2d at 302. We therefore reject defendant's argument that the Registration Act and Notification Law violate his constitutional right of privacy.

## III. Equal Protection

Defendant next argues that the Registration Act violates his equal protection rights because the definition of a sex offender is overbroad and overinclusive. Defendant argues that because his offense was not sexually motivated, he should not be classified as a sex offender and be subject to the Registration Act. We disagree.

Equal protection requires the government to deal with individuals who are "similarly situated" in a similar manner. Eisenstadt v. Baird, 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358-59, 92 S. Ct. 1029, 1035 1972 . The equal protection clause is triggered when the law "lays an unequal hand on those who have committed intrinsically the same quality of offense." Skinner v. Oklahoma, 316 U.S. 535, 541, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113 1942 . A claim that a statute violates the equal protection clause requires the determination of whether a fundamental right is involved or whether the statute discriminates against a suspect class. People v. Adams, 144 Ill. 2d 381, 391, 581 N.E.2d 637, 642 1991 . If neither factor is involved, the court uses the rational basis test to determine whether the statute irrationally differentiates between persons similarly situated. Adams, 144 Ill. 2d at 391, 581 N.E.2d at 642. Under the rational basis test, the statutory classification need only bear a rational relationship to a legitimate state goal. People v. Reed, 148 Ill. 2d 1, 7-8, 591 N.E.2d 455, 457 1992 . An equal protection challenge governed by the rational basis standard is limited "if any state of facts may be reasonably conceived to justify the enactment, it must be upheld." Reed, 148 Ill. 2d at 8, 591 N.E.2d at

12

458.

Defendant is correct in using a rational basis standard to argue the presence of an equal protection violation. However, defendant fails to establish that an equal protection violation exists. Again, while defendant relies on authority from New York, Florida and Ohio, the General Assembly has determined that the Registration Act is a reasonable method of furthering the legitimate state interest of protecting children from sex offenders. Fuller, 324 Ill. App. 3d at 733, 756 N.E.2d at 260. The General Assembly also has clearly intended that aggravated kidnapping should be included as a sex offense based on its perception that children are at risk for a sexual offense if they are kidnapped. 730 ILCS 150 2 B 1.5 West 2002 Fuller, 324 Ill. App. 3d at 733, 756 N.E.2d at 260. Thus, the constitutionality of the Registration Act must be upheld against defendant's equal protection argument. Reed, 148 Ill. 2d at 8, 591 N.E.2d at 458.

## IV. Constitutionality of DNA Statute

Defendant also argues that the compulsory extraction and perpetual storing of his DNA violate his fourth amendment right to be free from unreasonable search and seizure. Defendant argues that taking a blood sample from him does not serve any special need beyond general law enforcement. Defendant also argues that even if a special need exists, the State's interests do not outweigh his privacy interests in his blood sample and his DNA.

The Illinois Supreme Court recently affirmed the constitutionality of the statute authorizing extraction and storing of DNA in People v. Garvin, No. 99031 March 23, 2006 . The supreme court held that creating a database to compare DNA samples that aid in the resolution of crimes

1-04-2157

constitutes a special need beyond general law enforcement. *Garvin*, slip op. at 13. The court also concluded that the statute's purpose – to "absolve innocents, identify the guilty, deter recidivism by identifying those at a high risk of reoffending, or bring closure to victims" – creates special needs beyond ordinary law enforcement. *Garvin*, slip op. at 13-14. In *Garvin*, the defendant also asserted that the State's interest in the blood sample and DNA do not outweigh his privacy interest. *Garvin*, slip op. at 14. The court noted that a convicted felon's privacy rights are significantly diminished, favoring the State's interests in " 'deterring and prosecuting recidivist criminal acts' " when balanced against a defendant's privacy interest. *Garvin*, slip op. at 14, quoting *People v. Garvin*, 349 Ill. App. 3d 845, 856 (2004). Therefore, based on *Garvin*, we uphold section 5-4-3 as constitutional on its face and as applied to the defendant.

## CONCLUSION

Because we conclude that the challenged statutes do not violate defendant's due process, equal protection or privacy rights and are otherwise constitutional, the judgment of the circuit court is affirmed.

Affirmed.

O'MARA FROSSARD, J., concurs.

NEVILLE, J., concurs in part and dissents in part.

JUSTICE NEVILLE concurring in part and dissenting in part:

I concur in that part of the opinion affirming Beard's conviction for aggravated kidnapping (720 ILCS 5/10-2 (West 2002)), but I write separately and dissent from that part of the majority's opinion affirming the trial court's order requiring Beard to register as a sex offender, pursuant to the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2002)) (Registration Act) and the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West 2002)).

The facts establish that once Beard was convicted of aggravated kidnapping (720 ILCS 5/10-2 (West 2002)), he was adjudicated a sex offender. 730 ILCS 150/2(B)(1.5) (West 2002). Although aggravated kidnapping is a Registration Act offense, it does not contain sexual elements (720 ILCS 5/10-2 (West 2002)),[2] like the registration offense of sexual exploitation of a child. 720 ILCS 5/11-

---

[2]A person commits the offense of aggravated kidnaping when he or she: "(1) Kidnaps for the purpose of obtaining ransom from the person kidnaped or from any other person, or (2) Takes as his victim a child under the age of 13 years, or a severely or profoundly mentally

15

9.1 (West 2002)[3]. Finally, the facts do not establish that Beard engaged in a sexual act with the two kidnap victims under 18 years of age, or that Beard had an intent to engage in a sexual act with the minor kidnap victims.

While I accept the fact that there is a compelling need to protect children from those in our society who commit sexual offenses upon them, Beard and others convicted of the offenses in section 2(B)(1.5) of the Registration Act are brought within the purview of the Registration Act for offenses that do not involve the commission of sexual acts on children. If the majority is correct that "the General Assembly decided to protect the children of Illinois from sex crimes by creating the Registration Act," how is that purpose served by forcing defendants to register who have not been convicted of engaging in sexual acts with children? Slip op. at 6, citing People v. Fuller, 324 Ill. App. 3d 728, 732-33 (2001). I note the majority's reliance on Fuller. The Fuller court justified the inclusion of aggravated kidnaping, an offense without a sexual element, in the group of sexual

---

retarded person, or (3) Inflicts great bodily harm, other than by the discharge of a firearm, or commits another felony upon his victim, or (4) Wears a hood, robe or mask or conceals his identity, or (5) Commits the offense of kidnaping while armed with a dangerous weapon, other than a firearm ***, or (6) Commits the offense of kidnaping while armed with a firearm, or (7) During the commission of the offense of kidnaping, personally discharged a firearm, or (8) During the commission of the offense of kidnaping, personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person." 720 ILCS 5/10-2 (West 2002).

[3] A person commits the offense of sexual exploitation of a child "if in the presence of a child and with intent or knowledge that a child would view his or her acts, that person: (1) engages in a sexual act; or (2) exposes his or her sex organs, anus or breast for the purpose of sexual arousal or gratification of such person or the child." A person also commits the sexual exploitation of a child if that person "knowingly entices, coerces, or persuades a child to remove the child's clothing for the purpose of sexual arousal or gratification of the person or the child, or both." 720 ILCS 5/11-9.1 (West 2002).

offenses with sexual elements (see 730 ILCS 150/2(B)(1) (West 2002))  "because aggravated kidnapping is often a precursor to more grievous sexual offenses." Slip op. at 7, citing <u>Fuller</u>, 324 Ill. App. 3d at 733.  While the majority relies on the <u>Fuller</u> court's statement that aggravated kidnaping is often a precursor to more grievous sexual offenses, neither the majority nor the <u>Fuller</u> court supports this statement with a citation to a scientific study that found a nexus between aggravated kidnaping and the sex offenses codified in section 2(B)(1) of the Registration Act. See 730 ILCS 150/2(B)(1)(West 2002).  Therefore, to the extent the majority relies on the <u>Fuller</u> court's statement, its reliance is misplaced.

"The constitution and statutes of this State provide *** that no person shall be convicted of an offense which he has not been charged with having committed." <u>People v. Lewis</u>, 83 Ill. 2d 296, 300 (1980), citing Ill. Const. 1970, art. I, §§ 2, 7, 8; Ill. Rev. Stat. 1979, ch. 38, pars. 111-3, 113-1, 113-4. I think the <u>Lewis</u> rule should be followed in this case: a person convicted of aggravated kidnaping of a child under 18 years of age should not be forced to register as a sex offender when he has not been charged with or convicted of a sex offense like the sex offenses codified in section 2(B)(1)[4] of the Registration Act. <u>People v. Lewis</u>, 83 Ill. 2d at 300.  Given the facts in Beard, "there is no rational basis for requiring defendant to register as a sex offender where he has no history of

---

[4] "(B) As used in this Article, 'sex offense' means:  (1) A violation of any of the following Sections of the Criminal Code of 1961: 11-20.1 (child pornography), 11-6 (indecent solicitation of a child), 11-9.1 (sexual exploitation of a child), 11-15.1 (soliciting for a juvenile prostitute), 11-18.1 (patronizing a juvenile prostitute), 11-17.1 (keeping a place of juvenile prostitution), 11-19.1 (juvenile pimping), 11-19.2 (exploitation of a child), 12-13 (criminal sexual assault), 12-14 (aggravated criminal sexual assault), 12-14.1 (predatory criminal sexual assault of a child), 12-15 (criminal sexual abuse), 12-16 (aggravated criminal sexual abuse), 12-33 (ritualized abuse of a child).  An attempt to commit any of these offenses."  730 ILCS 150/2(B)(1) (West 2002).

committing sex offenses and his offense of aggravated kidnaping was not sexually motivated and had no sexual purpose." People v. Johnson, 363 Ill. App. 3d 356, 363-64 (2006) ("the Registration Act *** violates [defendant's] substantive due process rights under the state and federal constitutions where [defendant's] designation as a sex offender bears no rational relationship to the State's interest in protecting the public from convicted sex offenders").   Finally, in my opinion, Registration Acts serve a useful purpose, but if a defendant is convicted of kidnaping, he should be forced to register as a kidnapper and not as a sex offender.