THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE FULLER, Defendant-Appellant.

First District (1st Division)   No. 1—00—1485

Opinion filed August 20, 2001.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William Toffenetti, and Michael R. Cannon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COHEN delivered the opinion of the court:

On January 4, 2000, after a bench trial, defendant Andre Fuller was convicted of aggravated kidnaping (720 ILCS 5/10—2 (a)(2) (West 2000)). Defendant was sentenced to a term of six years of imprisonment for the December 26, 1998, theft of a van in which two children, ages 6 and 15, were passengers. Defendant raises three issues on appeal. Defendant first raises a due process challenge to section 2(B)

(1.5) of the Sex Offender Registration Act (the Registration Act) (730 ILCS 150/2(B)(1.5) (West 2000)), which mandates his adjudication as a sex offender. Defendant next alleges that Public Act 89—707 (Pub. Act 89—707, eff. June 1, 1997), which amends several statutes, violates article IV, section 8(d), of the Illinois Constitution of 1970 (the single subject rule) (Ill. Const. 1970, art IV, § 8(d)) and is therefore void. Defendant finally argues that if Public Act 89—707 is void, then section 3—6—3 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/3—6—3(a)(2)(ii) (West 2000)) is unconstitutional because defendant's mandated sentence violates article I, section 11, of the Illinois Constitution of 1970 (the proportionate penalties clause) (Ill. Const. 1970, art. I, § 11). We hold that section 2(B)(1.5) of the Registration Act does not violate due process and that Public Act 89—707 does not violate the single subject rule. Consequently, because Public Act 89—707 is constitutional, this court need not consider whether section 3—6—3 of the Unified Code of Corrections (730 ILCS 5/3—6—3(a)(2)(ii) (West 2000)) violates the Illinois Constitution. We therefore affirm.

## 1. Background

On December 26, 1998, defendant stole a van. Two children, ages 6 and 15, were in the stolen van, having remained in the back of the van while their father purchased some bread from a nearby store. Defendant drove the van through Chicago for about 20 minutes until he reached Highland Park. Defendant stopped twice along the way, once in front of a neighborhood home to view Christmas lights and once outside a restaurant. During the drive, defendant spoke briefly with the children in response to their questions. Defendant never touched the children. While the van was stopped at a traffic light in Highland Park, the children opened the van's unlocked door and ran to a nearby service station. The defendant drove away from the intersection and made no attempt to catch the children.

The Highland Park police were called to the service station and took the children to the Highland Park police station. The police began to search in the surrounding area for the van and the defendant. The police found the van intact and locked approximately 600 feet away from the service station. Shortly after midnight on December 27, 1998, the police located the defendant in another service station parking lot in Highland Park. The defendant did not try to evade the police. When the police asked defendant if he had taken a van with two children inside of it, defendant stated "Just lock me up." The police arrested the defendant and recovered the van's keys from his pocket.

## 2. Analysis

### I. Standard of Review

As defendant's appeal presents questions of law, statutory construction and constitutional validity, our standard of review is *de novo. People v. Malchow,* 193 Ill. 2d 413, 418, 793 N.E.2d 433, 437 (2000); *Lulay v. Lulay,* 193 Ill. 2d 455, 466, 739 N.E.2d 521, 529 (2000); *E&E Hauling Inc. v. Ryan,* 306 Ill. App. 3d 131, 136, 713 N.E.2d 178, 182 (1999).

### II. Due Process

●1 Defendant claims that section 2(B)(105) of the Registration Act violates due process because the definition of a sex offender is overly broad. Specifically, defendant claims that there is no rational relationship between the offense of aggravated kidnaping and the legislative intent of the Registration Act. The Registration Act provides in part:

"(A) 'Sex offender' means any person who is:

(1) charged pursuant to Illinois law, or any substantially similar federal, sister state, or foreign country law, with a sex offense set forth in subsection (B) of this Section or the attempt to commit an included sex offense, and:

\* \* \*

(B) As used in this Section, 'sex offense' means:

\* \* \*

(1.5) A felony violation of any of the following Sections of the Criminal Code of 1961, when the victim is a person under 18 years of age, the defendant is not a parent of the victim, and the offense was committed on or after January 1, 1996:

10—1 (kidnapping),

10—2 (aggravated kidnapping),

10—3 (unlawful restraint),

10—3.1 (aggravated unlawful restraint).

An attempt to commit any of these offenses." 730 ILCS 150/2 (West 2000).

The Registration Act was enacted by the Illinois legislature "to create an additional method of protection for children from the increasing incidence of sexual assault and sexual abuse. (84th Ill. Gen. Assem., House Proceedings, June 23, 1986, at 208.) The Registration Act was designed to aid law enforcement agencies \*\*\*" by making "the habitual offender's address \*\*\* readily available to law enforcement agencies." *People v. Adams,* 144 Ill. 2d 381, 387, 581 N.E.2d 637, 640 (1991). See also *People v. Malchow,* 193 Ill. 2d 413, 420, 739 N.E.2d 433, 438 (2000).

●2 Since the challenged statute does not affect a fundamental constitutional right, we apply the rational-basis test to determine

whether the statute violates due process. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 446-47, 701 N.E.2d 1056, 1062 (1998). Our analysis of the Registration Act must find that the statute bears "a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective." *Russell*, 183 Ill. 2d at 447, 701 N.E.2d at 1062. "In applying this test, we identify the public interest that the statute is intended to protect, examine whether the statute bears a reasonable relationship to that interest, and determine whether the method used to protect or further that interest is reasonable." *People v. Lindner*, 127 Ill. 2d 174, 180, 535 N.E.2d 829, 832 (1989).

●3 "Under the rational-basis test, a statute is presumed to be valid, and the party challenging the statute has the burden of proving that the statute is irrational. [Citations.] As long as there is a conceivable basis for finding a rational relationship, the law will be upheld. [Citations.]" *People v. Kohrig*, 113 Ill. 2d 384, 398, 498 N.E.2d 1158, 1162-63 (1986). See also *Lulay*, 193 Ill. 2d at 469, 739 N.E.2d at 529 (holding that a statute is presumed constitutional and that the challenger has the burden of rebutting that presumption). We must consider " ' "the statute in its entirety, noting the subject it addresses and the legislature's apparent objective in enacting it." ' [Citations]." *Lindner*, 127 Ill. 2d at 181, 535 N.E.2d at 832.

●4 Reviewing all the provisions of the Registration Act, we note that every provision relates to the registration of convicted sex offenders. The manifest purpose of the Registration Act is to help law enforcement protect children from sexual assault and sexual abuse by making the offender's current address "available to law enforcement agencies, which may then question and, if necessary, detain him under appropriate circumstances." *Adams*, 144 Ill. 2d at 387, 581 N.E.2d at 640.

Having ascertained the public interest served by the Registration Act, we must next determine whether there is a rational relationship between the statute and the interest served. *Lindner*, 127 Ill. 2d at 179, 535 N.E.2d at 831; *Kohrig*, 113 Ill. 2d at 398, 498 N.E.2d at 1162-63. The Registration Act serves no purpose other than governing the registration of sex offenders and the release of their identities and addresses in the State of Illinois. It is axiomatic that a rational relationship exists between a principle and the means of actualizing that principle. The Registration Act embodies the universal principle of protecting one's children from harm. In this case, the legislature has decided to protect the children of Illinois from sexual abuse and sexual assault by enabling law enforcement officials to more easily locate

prior child sex offenders. The Registration Act is therefore reasonably related to the public interest of protecting children from harm.

Our finding of a reasonable relationship between the statute and the public interest allows us to progress to the final step of determining whether the method used by the Registration Act is reasonable. *Russell*, 183 Ill. 2d at 446-47, 701 N.E.2d at 1062. The Registration Act requires any convicted sex offender to register with the chief of police of the municipality or county where he or she resides for more than 10 days. 730 ILCS 150/3(a) *et seq.* (West 2000). The offender must provide his date of birth and update any changes in his home address, work address and employer for either 10 years or the rest of his or her natural life. 730 ILCS 150/6 through 8—5 (West 2000).

Our supreme court has spoken on this final step of the rational-basis analysis. "As the legislative debates indicate, the public interest to be served by the Registration Act is the assistance to law enforcement in the protection of children. *** We find nothing unreasonable in the statute's method of serving its purpose. *** There is a direct relationship between the disability, the registration of child sex offenders, and the purpose served by the statute, the protection of children." *Adams*, 144 Ill. 2d at 390-91, 590 N.E.2d at 642.

Defendant alleges the absence of a rational connection between the offense of aggravated kidnaping and the purpose of the Registration Act. In essence, defendant argues nothing more than it is unfair for him to suffer the stigmatization of being labeled a sex offender when his crime was not sexually motivated. While the term "sex offender" may carry a stigma, there is little doubt that the offense of kidnaping a person under 18 is intended to trigger the Registration Act. 730 ILCS 150/2(B)(1.5) (West 2000). While defendant did not commit what is generally labeled a sexually oriented offense, such as rape, sexual assault or pimping, the law clearly identifies aggravated kidnaping of a person under 18 as a "sex offense." 730 ILCS 150/2(B)(1.5) (West 2000). It is particularly disingenuous for the defendant to argue that there is no rational relationship between the kidnaping of a child and the purpose of protecting children from the increasing incidence of sexual assault and sexual abuse. The most obvious connection between the offenses listed in section 2(B)(1.5) and the purpose of the Registration Act is that kidnaping or unlawful restraint of a minor is often a precursor offense to juvenile pimping or exploitation of a child, which are, indisputably, within the purview of the Registration Act's purpose. In defendant's own case, the arresting police officer testified that when the officer asked defendant what he planned to do with the children, defendant "stated he was going to find a hotel room and ask the girl if she had any friends." This statement, eerily

suggestive of the nature of defendant's plans for the children, in conjunction with defendant's conduct in failing to release the children themselves, supports the logical nexus between the act of kidnaping a child and the very real possibility of subsequent sexual exploitation of that child.

Defendant has not met his burden of rebutting the Registration Act's presumed validity. Accordingly, we hold that section 2(B)(1.5) of the Registration Act does not violate constitutional due process guarantees.

### III. Single Subject Rule

•5 Defendant argues that Public Act 89—707 violates the single subject rule of the Illinois Constitution and therefore is void. The Illinois Constitution provides in part:

> "Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject." Ill. Const. 1970, art. IV, § 8(d).

While the term "subject" is liberally construed, the matters within the bill must have a natural and logical connection. *Johnson v. Edgar*, 176 Ill. 2d 499, 515, 680 N.E.2d 1372, 1379 (1997). "The rule prohibits the inclusion of ' "discordant provisions that by no fair intendment can be considered as having any legitimate relation to each other." ' [Citations.]" *Johnson*, 176 Ill. 2d at 515, 680 N.E.2d at 1379. The supreme court has "long noted that legislative acts are to be afforded a considerable presumption of constitutionality." *People v. Reedy*, 186 Ill. 2d 1, 9, 708 N.E.2d 1114, 1117 (1999). As we have stated earlier, the defendant bears the burden of rebutting the statute's presumption of constitutionality. *Lulay*, 193 Ill. 2d at 469, 739 N.E.2d at 529.

•6 Each of the four sections of Public Act 89—707 amends a different chapter of the Illinois Compiled Statutes. Section 5 of Public Act 89—707 amends sections 2 and 7 of the Illinois Police Training Act (50 ILCS 705/2, 7 (West 2000)), which respectively deal with the definitions of court security officers and the training standard certification of court security officers. Section 10 of Public Act 89—707 amends section 3—6023 of the Counties Code (55 ILCS 5/3—6023 (West 2000)) to require county correction officers to attend court proceedings. Section 15 of Public Act 89—707 amends section 10—2 of the Criminal Code of 1961 (720 ILCS 5/10—2 (West 2000)) to elevate all forms of aggravated kidnaping to a Class X felony. Section 20 of Public Act 89—707 amends sections 120 and 130 of the Sex Offender and Child Murderer Community Notification Law (the Notification Law) (730 ILCS 152/120, 130 (West 2000)) to affect community notification of sex offenders and to extend immunity to the secondary

release of any lawfully obtained information under the Notification Law.[1]

Defendant's strongest argument is that because civil immunity is outside the scope of the administration of justice, section 20 of Public Act 89—707, which extends both criminal and civil immunity to the secondary release of information obtained through the Notification Law, violates the single subject rule. Defendant's next argument is that section 5 of Public Act 89—707, which modifies the duties of the police training board under the Illinois Police Training Act, has no logical connection to criminal law. Defendant further argues that section 10 of Public Act 89—707, amending the Counties Code to require county correction officers to attend court proceedings, violates the single subject rule because the duties of county correction officers have no logical connection to criminal law. Defendant concludes that sections 5 and 10 of Public Act 89—707 have no logical connection to sections 15 and 20 despite the fact that Public Act 89—707 was entitled "An Act concerning the administration of justice." Pub. Act 89—707, eff. June 1, 1997.

We reject defendant's arguments. The extension of immunity from liability or prosecution for individuals who act in conformity with the Notification Law is a natural and logical measure necessary to ensure the proper administration of justice. Subjecting individuals who obtain information released under the Notification Law to criminal charges or civil suits would have a substantial chilling effect on the release and use of information to protect children from sexual assault and sexual abuse. Defendant has failed to meet his burden of rebutting Public Act 89—707's presumption of constitutionality. The provisions of Public Act 89—707 have a natural and logical connection to a single subject. Defendant's challenge to Public Act 89—707 is without merit.

As Public Act 89—707 does not violate the single subject rule, we need not consider whether section 3—6—3(a)(2)(ii) of the Unified Code of Corrections (730 ILCS 5/3—6—3 (a)(2)(ii) (West 2000)) violates the proportionate penalties clause of the Illinois Constitution.

For the reasons stated above, we affirm the judgment and sentence of the circuit court.

Affirmed.

O'MARA FROSSARD and TULLY, JJ., concur.

---

[1]Section 125 of the Notification Law was repealed by Public Act 90—193, section 25, effective July 24, 1997.