THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. HAMPTON, Defendant-Appellant.

Fourth District    No. 4—01—0346

Opinion filed January 2, 2003.

Daniel D. Yuhas and Robert N. Markfield, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In April 2000, a grand jury indicted defendant, Robert E. Hampton, on one count of burglary and one count of theft over $300. Defendant was later indicted on one count of aggravated robbery. In August 2000, defendant entered into an open guilty plea on the charge of burglary, and the State agreed to drop the remaining counts. In October 2000, the trial court sentenced defendant to 20 years in prison as a Class X offender. In November 2000, defendant filed a motion to reconsider his sentence, which the trial court denied.

On appeal, defendant argues (1) his cause must be remanded because his attorney's Rule 604(d) (188 Ill. 2d R. 604(d)) certificate failed to state he examined the report of proceedings of the guilty plea; and (2) his prison sentence did not accord with his rehabilitative potential and was improperly disparate to his codefendant's sentence. We reverse and remand.

## I. BACKGROUND

In April 2000, a grand jury indicted defendant on one count of burglary (720 ILCS 5/19—1(a) (West 2000)), alleging he knowingly and without authority entered a Freedom Oil gas station with the intent to commit therein a theft. The grand jury also indicted defendant on one count of theft over $300 (720 ILCS 5/16—1(a)(4) (West 2000)), alleging he knowingly obtained control over stolen property, United States currency and prepaid calling cards belonging to Freedom Oil. In July 2000, a grand jury indicted defendant on one count of aggravated robbery (720 ILCS 5/18—5(a) (West 2000)), alleging he knowingly indicated by his action to Loriann Hursey that he had a firearm and took property from her presence by threatening the imminent use of force.

In August 2000, the State filed a motion to enhance sentence under section 5—5—3(c)(8) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3(c)(8) (West 2000)), stating defendant had prior felony convictions of armed robbery in 1991, a Class X felony, and possession of a controlled substance with the intent to deliver in 1989, a Class 2 felony. Upon conviction, the State asked the trial court to advise defendant that he would be sentenced as a Class X offender pursuant to section 5—5—3(c)(8) of the Code.

Defendant entered an open guilty plea to the charge of burglary, and the State agreed to drop the remaining counts at the sentencing hearing. The trial court advised defendant of the possible 6- to 30-year prison term as a Class X offender. The State's factual basis indicated two black males wearing ski masks entered the Freedom Oil gas station in Bloomington on April 4, 2000, at about 10:50 p.m. The store clerk indicated "the taller individual," believed to be a codefendant, had his hand in his pocket as if he had a weapon. Two men matching the description were later found in Chenoa with property stolen from the gas station. The court found defendant knowingly and voluntarily entered his guilty plea.

In October 2000, the State dropped the remaining two counts. Thereafter, the trial court sentenced defendant to 20 years in prison on the burglary count as a Class X offender pursuant to section 5—5—3(c)(8) of the Code. The court found no statutory factors in mitigation.

In aggravation, the court noted defendant's prior criminal history, age, the need to deter others, and the protection of the public. In November 2000, defendant filed a motion to reconsider sentence, asserting his sentence was excessive and the trial court failed to adequately consider his rehabilitative potential and the support from his fiancée and her children. In April 2001, defendant's attorney filed a certificate pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) in conjunction with defendant's motion. The trial court denied defendant's motion to reconsider. This appeal followed.

## II. ANALYSIS

Defendant argues defense counsel's certificate failed to comply with the requirements of Rule 604(d) and remand is required for the filing of a new certificate and a new hearing on his motion to reconsider sentence. We agree.

■ Supreme Court Rule 604(d) provides in part that before a defendant who pleaded guilty may appeal from the judgment entered on the plea, the defendant must move to withdraw his guilty plea, or if only the sentence is being challenged, he must file a motion to reconsider his sentence within 30 days. *People v. Shirley*, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1190 (1998); 188 Ill. 2d R. 604(d). Rule 604(d) also provides, in pertinent part, as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d).

The certificate requirement allows "the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." *Shirley*, 181 Ill. 2d at 361, 692 N.E.2d at 1191. Our supreme court has held the certificate requirement of Rule 604(d) must be strictly complied with. *Shirley*, 181 Ill. 2d at 362, 692 N.E.2d at 1191; *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994).

In the case *sub judice*, defendant argues defense counsel's certificate failed to conform to the requirements of Rule 604(d) and relies on *People v. Mast*, 305 Ill. App. 3d 727, 713 N.E.2d 242 (1999). The State disagrees and contends remand is not required under *People v. Wilson*, 295 Ill. App. 3d 228, 692 N.E.2d 422 (1998). We agree with defendant that this cause must be remanded.

In *Mast*, 305 Ill. App. 3d at 733, 713 N.E.2d at 246, the defendant

argued defense counsel's Rule 604(d) certificate was deficient because it failed to include a statement showing counsel examined the transcript of the guilty plea hearing and failed to contain certification that counsel made any necessary amendments to the motion. The State argued the defendant had the same attorney throughout the proceedings, and counsel's reference to his review of the "court file" would likely include a review of the guilty plea transcript. *Mast*, 305 Ill. App. 3d at 733, 713 N.E.2d at 246. Defense counsel's certificate of compliance stated:

> " 'I have consulted with the [d]efendant in person to ascertain his contentions of error in this cause; and *** I have examined the trial court file and report of proceedings of the sentencing hearing.' " *Mast*, 305 Ill. App. 3d at 734, 713 N.E.2d at 246.

The Second District found defense counsel's certificate failed to comply with the requirements of Rule 604(d). *Mast*, 305 Ill. App. 3d at 734, 713 N.E.2d at 246. Although defense counsel acknowledged he received the transcripts from the court reporters, it was unclear whether he had examined the transcript relating to the guilty plea hearing. *Mast*, 305 Ill. App. 3d at 734, 713 N.E.2d at 246. The appellate court would not excuse defense counsel's failure to comply with Rule 604(d), even though he had represented the defendant throughout the proceedings, because strict compliance with Rule 604(d) is required. *Mast*, 305 Ill. App. 3d at 734-35, 713 N.E.2d at 246-47.

In *Wilson*, 295 Ill. App. 3d at 238, 692 N.E.2d at 429, defense counsel's Rule 604(d) certificate indicated he " 'obtained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's courtroom.' " The certificate did not indicate counsel examined the report of proceedings. *Wilson*, 295 Ill. App. 3d at 238, 692 N.E.2d at 429.

This court found the certificate complied with Rule 604(d) because it referred to a particular file that contained the report of proceedings. *Wilson*, 295 Ill. App. 3d at 238, 692 N.E.2d at 429. The court also noted defense counsel referred to the report of proceedings at subsequent hearings, thereby confirming his examination. *Wilson*, 295 Ill. App. 3d at 239, 692 N.E.2d at 429.

■ In this case, defense counsel filed his Rule 604(d) certificate in the form of a checklist. Defense counsel placed an X in boxes indicating he had (1) personally consulted with the defendant regarding this motion; (2) consulted with the defendant by mail regarding the motion; (3) examined the trial court file; and (4) elected to make no modifications to the motion. The checklist also included the following category with defense counsel's corresponding marks:

> "(X) I have reviewed the following transcripts:

( ) report of plea of guilty proceedings
(X) sentencing hearing
( ) other _____."

Here, defense counsel indicated he reviewed the transcript of the sentencing hearing but made no indication that he reviewed the report of the guilty plea proceedings. We do not believe defense counsel's statement that he examined the trial court file was enough to comply with Rule 604(d) in this case. The motion to reconsider and Rule 604(d) certificate were filed in April 2001. The report of proceedings was filed in May 2001. Thus, the report of the guilty plea proceedings may not have been in the trial court file for defense counsel to examine. The fact that defense counsel specifically marked the space for the sentencing hearing, but not that of the report of the guilty plea proceedings, leads us to conclude the Rule 604(d) certificate was insufficient.

We also note that at the hearing on the motion to reconsider sentence, defense counsel made no reference to the report of the guilty plea proceedings but did refer to the sentencing hearing transcript. Also, even though defendant was represented by the same attorney throughout the proceedings, strict compliance with Rule 604(d) is still required. The remedy for failure to strictly comply with Rule 604(d) is a remand to the trial court for the filing of a new motion to reconsider sentence and a new hearing on the motion. *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792. We make no comment or ruling on defendant's remaining claims of error pertaining to his prison sentence.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment denying defendant's motion to reconsider his sentence and remand for further proceedings.

Reversed and remanded.

APPLETON and McCULLOUGH, JJ., concur.