Second Division
January 31, 2006

No. 1-04-1292

THE PEOPLE OF THE STATE )    Appeal from the
OF ILLINOIS,              )    Circuit Court of
                          )    Cook County
        Plaintiff-Appellee )
                          )
    v.                    )    No. 99 CR 25364-02
                          )
                          )       CHARLES
                          JOHNSON,
                                  )
                          Honorable
                          )    Dennis A. Dernbach
        Defendant-Appellant.  )    Judge Presiding.

JUSTICE HALL delivered the opinion of the court:

Defendant Charles Johnson was charged with one count of armed robbery, one count of armed violence, one count of possession of a stolen motor vehicle, one count of aggravated battery, nine counts of aggravated kidnaping, and three counts of unlawful use of a weapon in connection with the kidnaping of Elmora Kimbrough and her 20-month-old granddaughter, Paige Kimbrough. The record shows that on October 23, 1999, defendant, along with four codefendants, carried out a plan to kidnap Elmora Kimbrough in order to demand a ransom from her son, Frank Kimbrough. Two of the defendants were apprehended by the FBI and Chicago police when they attempted to collect the ransom. The two apprehended defendants then led police to a van where the remaining defendants were arrested.

Defendant subsequently entered open pleas of guilty to one count of aggravated kidnaping of Paige Kimbrough and armed

1-04-1292

robbery of Elmora Kimbrough.  The State dismissed the remaining
counts.  Defendant was sentenced to concurrent terms of 17 years'
imprisonment for each offense.

On direct appeal, we determined that defendant had not been
properly admonished in accordance with Supreme Court Rule 605(b)
(188 Ill. 2d R. 605(b)), and therefore remanded the case for
proper admonishments. *People v. Johnson*, No. 1-02-2531 (2003)
(unpublished order under Supreme Court Rule 23 (166 Ill. 2d R.
23)).  Upon remand, defendant informed the trial court that he
could not afford private counsel.  The trial court appointed an
assistant public defender to represent defendant and then
admonished him in accordance with Rule 605(b).

Following the trial court's Rule 605(b) admonishments,
defense counsel indicated that rather than withdraw his guilty
plea, defendant wanted to file his *pro se* motion for
reconsideration of sentence and to correct a void sentence.  In
the *pro se* motion, defendant asserted that his sentence was
excessive and that he was improperly sentenced for an offense for
which he was not indicted.

The trial court denied defendant's *pro se* motion and again
sentenced him to two concurrent 17-year terms of imprisonment.
This appeal followed.

Defendant contends on appeal that: (1) this case should be
remanded to the trial court for a rehearing on his motion to
reconsider sentence on the ground that defense counsel failed to

ˇ2ˇ

1-04-1292

file a Rule 604(d) (188 Ill. 2d R. 604(d)) certificate; and (2) section 2(B)(1.5) of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/2(B)(1.5) (West 2000)), under which he was labeled a sex offender by reason of his pleading guilty to aggravated kidnaping, is unconstitutional as applied to him where this offense was not sexually motivated and had no sexual purpose. For the reasons that follow, we reverse and remand.

### ANALYSIS

#### I. Rule 604(d)

Defendant first contends that this case must be remanded to the trial court for a rehearing on his motion to reconsider sentence because defense counsel failed to file a Rule 604(d) certificate. We agree.

The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review. *People v. Lloyd*, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169 (2003). Under Rule 604(d), an attorney representing a defendant at the postplea motion stage is required to file:

> "[A] certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate

1-04-1292

presentation of any defects in those proceedings." 188 Ill.
2d R. 604(d).

"The certificate requirement allows 'the trial court to
insure that counsel has reviewed the defendant's claim and
considered all relevant bases for the motion to withdraw the
guilty plea or to reconsider the sentence.'" *People v. Hampton*,
335 Ill. App. 3d 1041, 1043, 782 N.E.2d 933 (2003), quoting
*People v. Shirley*, 181 Ill. 2d 359, 361, 692 N.E.2d 1189 (1998).
In this case, defense counsel did not file a Rule 604(d)
certificate.

The State responds that defense counsel was not required to
file a Rule 604(d) certificate because the defendant was acting
*pro se* when he filed his motion to reconsider sentence.  The
State contends that although counsel was appointed to represent
defendant, defendant acted *pro se* by filing his own motion to
reconsider sentence and therefore appointed counsel was not
required to file a Rule 604(d) certificate.  We must reject the
State's contentions.

It is true that a defendant does not have a right to
"hybrid" representation, where he alternates between proceeding
*pro se* and being represented by counsel. See, *e.g., People v.
Pondexter*, 214 Ill. App. 3d 79, 88, 573 N.E.2d 339 (1991).
However, the record in this case does not indicate that defendant
elected to proceed *pro se*.

The record shows that when the case was remanded for Rule

1-04-1292

605(b) admonishments, the trial court appointed counsel to represent defendant after he indicated he could not afford private counsel. Following the trial court's Rule 605(b) admonishments, defense counsel informed the court that rather than withdraw his guilty plea, defendant wanted to file a *pro se* motion for reconsideration of sentence and to correct a void sentence. Such actions alone do not suggest that defendant elected to proceed *pro se*. See, *e.g., People v. Scott*, 143 Ill. App. 3d 540, 542, 493 N.E.2d 27 (1986) (once the trial court granted defendant's request for assistance of counsel, he was no longer acting *pro se*); *People v. Velasco*, 197 Ill. App. 3d 589, 591, 554 N.E.2d 1094 (1990) (holding that Rule 604(d) gave defendant the right to consult with appointed counsel in the presentment of a *pro se* motion).

Alternatively, the State maintains that even if we determine that defendant was not acting *pro se* when he presented his motion to reconsider sentence, remandment is unnecessary and impractical because defendant did not suffer any prejudice as a result of his counsel's failure to file a Rule 604(d) certificate. The State contends that defendant was not prejudiced in this regard because he had already challenged his sentence following remand for Rule 605(b) admonishments and he did not raise a sentencing issue on appeal. Again, we must reject the State's contentions.

"Our supreme court has held the certificate requirement of Rule 604(d) must be strictly complied with." *Hampton*, 335 Ill.

1-04-1292

App. 3d at 1043, citing *Shirley*, 181 Ill. 2d at 362; *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790 (1994).  In *People v. Wilk*, 124 Ill. 2d 93, 103, 529 N.E.2d 218 (1988), our supreme court stated:

> "[T]here is a general perception in our criminal justice system *** that a complete relaxation of Rule 604(d) is acceptable in this State.  We hold today that it is not.
>
> At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions.  It is incumbent upon counsel and courts alike to follow them."

The remedy for failure to strictly comply with the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion and a new hearing on the motion. *Janes*, 158 Ill. 2d at 32; *People v. Heinz*, 259 Ill. App. 3d 709, 712, 632 N.E.2d 338 (1994).

II. Sex Offender Registration Act

Defendant next challenges the constitutionality of section 2(B)(1.5) of the Registration Act, under which he was labeled a sex offender by reason of his pleading guilty to aggravated kidnaping.  Under section 2(B)(1.5) of the Registration Act, a "sex offense" is defined to include certain enumerated offenses in which the victim is a minor and the offender is not the

victim's parent.[1]  In this case, because defendant pled guilty to aggravated kidnaping of a minor of whom he was not the parent, he was automatically classified a sex offender pursuant to the statute.

Defendant does not contend that section 2(B)(1.5) of the Registration Act is facially unconstitutional.  Rather, he asserts that it is unconstitutional as applied to him because his offense of aggravated kidnaping was not sexually motivated.  Specifically, defendant contends that his automatic classification as a sex offender under section 2(B)(1.5) based

---

[1] The Registration Act provides in relevant part:

"(B) As used in this Section, 'sex offense' means:

\* \* \*

(1.5) A felony violation of any of the following Sections of the Criminal Code of 1961, when the victim is a person under 18 years of age, the defendant is not a parent of the victim, and the offense was committed on or after January 1, 1996:

10-1 (kidnapping),

10-2 (aggravated kidnapping),

10-3 (unlawful restraint),

10-3.1 (aggravated unlawful restraint).

An attempt to commit any of these offenses." 730 ILCS 150/2(B)(1.5) (West 2000).

1-04-1292

upon his pleading guilty to aggravated kidnaping is unreasonable and arbitrary in violation of his equal protection and substantive due process rights under the state and federal constitutions where the offense was not sexually motivated.

The State first contends that we should not address this issue because defendant raises it for the first time in this appeal.  We reject this argument since a defendant can raise a constitutional challenge to a criminal statute at any time. See *People v. Ramos*, 353 Ill. App. 3d 133, 142, 817 N.E.2d 1110 (2004).

The State next maintains that we should not address the issue because it is beyond the limited scope of remand in the instant case, which was remanded to the trial court for the exclusive purpose of giving defendant proper Rule 605(b) admonishments and therefore defendant should challenge the statute under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2002)).  We reject this contention since our court has determined that a defendant who fails to receive proper Rule 605(b) admonishments is not required to pursue remedies under the Post-Conviction Hearing Act. See *People v. Egge*, 194 Ill. App. 3d 712, 717-18, 551 N.E.2d 372 (1990).

Turning to the merits, we first note that statutes are presumed constitutional. *People v. Fisher*, 184 Ill. 2d 441, 448, 705 N.E.2d 67 (1998).  Consequently, a party challenging the validity of a statute has the burden of clearly showing that it

is unconstitutional. *Fisher*, 184 Ill. 2d at 448.  The question of whether a statute is constitutional is a question of law subject to *de novo* review. *Fisher*, 184 Ill. 2d at 448.

In this case, defendant challenges the constitutionality of section 2(B)(1.5) on both substantive due process and equal protection grounds.  Defendant's challenge to the statute, however, is more a due process claim than an equal protection claim.

Defendant does not contend that the classification of some individuals as sexual offenders is unconstitutional.  Rather, he maintains that he does not belong within the classification. Therefore, defendant actually raises a due process claim.[2] See,

---

[2] "The equal protection guarantee has nothing to do with the

determination of whether a specific individual is properly placed within a classification.  Equal protection tests whether the classification is properly drawn.  It is the guarantee of

1-04-1292

*e.g.*, *State v. Robinson*, 873 So. 2d 1205 (2004).

The standards used to determine the constitutionality of a

procedural due process that determines what process is necessary
to find that an individual falls within or outside of a specific
classification.  Equal protection deals with legislative line
drawing; procedural due process deals with the adjudication of
individual claims." R. Rotunda & J. Nowak, Treatise on
Constitutional Law: Substance and Procedure § 18.2, at 208-09 (3d
ed. 1999).

1-04-1292

statute under equal protection and due process grounds are identical. *People v. Williams*, 358 Ill. App. 3d 363, 366, 832 N.E.2d 925 (2005). As in the instant case, where a challenged statute does not implicate a fundamental right, the court applies the rational basis test to determine whether the statute violates due process. *People v. Lindner*, 127 Ill. 2d 174, 179, 535 N.E.2d 829 (1989); *People v. Fuller*, 324 Ill. App. 3d 728, 731-32, 756 N.E.2d 255 (2001).

To withstand a due process challenge under the rational basis test, the statute in question needs to bear only a rational relation to a legitimate legislative interest and be neither arbitrary nor discriminatory. *People v. Williams*, 349 Ill. App. 3d 273, 274, 811 N.E.2d 1197 (2004). In applying this test, the court identifies the public interest the statute is intended to protect, examines whether the statute bears a reasonable relationship to that interest, and then determines whether the method used to protect or further that interest is reasonable. *Lindner*, 127 Ill. 2d at 180.

Here, the primary point of contention is the third step in the rational basis analysis -- whether the method used to protect and further an identified public interest is reasonable under the particular facts in this case. The Registration Act was enacted to protect children from sexual assault and sexual abuse by providing the public with information regarding the whereabouts of convicted sex offenders. See *People v. Logan*, 302 Ill. App. 3d

˘12˘

1-04-1292

319, 328-29, 705 N.E.2d 152 (1998); *Fuller*, 324 Ill. App. 3d at 732.

Defendant contends that his automatic classification as a sex offender under section 2(B)(1.5) of the Act based upon his pleading guilty to aggravated kidnaping is unreasonable and arbitrary in violation of his substantive due process rights where the offense was not committed with a sexual motivation or purpose. We agree.

The record indicates that defendant's offense of aggravated kidnaping was not sexually motivated. There were no allegations of any kind that defendant or codefendants committed or attempted to commit any sexual assault against the minor. In addition, in sentencing defendant and his codefendants, the trial court noted that even though the grandmother's clothes were removed and she was bound during the course of the kidnaping, this was done as a means of control and that none of the allegations against the defendants involved sexual assault.

The State primarily relies on this court's decision in *People v. Fuller*, 324 Ill. App. 3d 728, 731-32, 756 N.E.2d 255 (2001), in support of its contention that the Registration Act is not unconstitutional as applied to defendant. However, the facts in *Fuller* are clearly distinguishable from the facts in the case at bar.

The facts in *Fuller* indicated that the crime was sexually motivated, as shown by the reviewing court's following

1-04-1292

observations and comments:

> "In defendant's own case, the arresting police officer
> testified that when the officer asked defendant what he
> planned to do with the children, defendant 'stated he was
> going to find a hotel room and ask the girl if she had any
> friends.'  This statement, eerily suggestive of the nature
> of defendant's plans for the children, in conjunction with
> defendant's conduct in failing to release the children
> themselves support the logical nexus between the act of
> kidnaping a child and the very real possibility of
> subsequent sexual exploitation of that child." *Fuller*, 324
> Ill. App. 3d at 733-34.

Unlike *Fuller*, under the particular facts in this case,
there is no rational basis for requiring defendant to register as
a sex offender where he has no history of committing sex offenses
and his offense of aggravated kidnaping was not sexually
motivated and had no sexual purpose.  Consequently, defendant has
met his burden of establishing that the Registration Act, as
applied to him, violates his substantive due process rights under
the state and federal constitutions where his designation as a
sex offender bears no rational relationship to the State's
interest in protecting the public from convicted sex offenders.

Courts in other jurisdictions have reached the same
conclusion when faced with similar facts. See, *e.g., State v.
Reine*, No. 19157 (Ohio App. 2d Dist. 2003); *State v. Robinson*,

1-04-1292

873 So. 2d 1205 (Fla. 2004); *People v. Moi*, 8 Misc. 3d 1012(A), 801 N.Y.S.2d 780 (N.Y. County Ct. 2005).

Accordingly, for the reasons set forth above, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SOUTH, J., concurs.

WOLFSON, J., specially concurring in part and dissenting in part.

1-04-1292

JUSTICE WOLFSON, specially concurring in part and dissenting in part:

I have no quarrel with sending the case back to give defense counsel the opportunity to file a Rule 604(d) certificate, although the need for it is not entirely clear. I do disagree with the notion that the defendant's right to due process of law would be violated by applying the Registration Act to him.

As the majority says, a penal statute should be upheld as long as there is a conceivable basis for finding a reasonable relationship to the public interest intended to be protected. *People v. Kohrig*, 113 Ill. 2d 384, 398, 498 N.E.2d 1158 (1986).

As we said in *People v. Fuller*, 324 Ill. App. 3d 728, 733, 756 N.E.2d 255 (2001):

"While the term 'sex offender' may carry a stigma, there is little doubt that the offense of kidnaping a person under 18 is intended to trigger the Registration Act."

True, the court in *Fuller* pointed out an "eerily suggestive" statement by the defendant ("I was going to find a hotel room and ask the girl if she had any friends."), but the decision was not locked into its specific facts. *Fuller*, 324 Ill. App. 3d at 733. It is the nature of the crime -- kidnaping a child -- that

triggers the Registration Act provisions. *Fuller* observed that the "most obvious connection" between aggravated kidnaping and the purpose of the Registration Act is that the crime "is often a precursor offense to juvenile pimping or exploitation of a child ***." *Fuller*, 324 Ill. App. 3d at 733.

It does not take much imagination to add to the list of reprehensible acts an offender might commit. Once an offender makes the decision to commit the aggravated kidnaping of a child, there is a very real possibility the child will become a victim of sexual abuse. Our Reports are filled with such cases.

In this case the crime was interrupted while it was in progress. The child was being held in a stolen van when the police arrived. The legislature has the authority to protect children from such an offender. Requiring him to register his name and address with law enforcement officials does not offend due process of law. I respectfully dissent from the majority's decision that it does.