No. 2--06--0318    Filed:  6-29-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos.  04--CF--164          05--CF--4166 |
| | ) | |
| LAVELL T. CRAIG, | ) ) | Honorable Fred L. Foreman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

In 1996, defendant, Lavell T. Craig, pleaded guilty to unlawful restraint (720 ILCS 5/10--3(a) (West 1996)) and was ordered to register as a sex offender.  In 2005, he was charged with failing to register (730 ILCS 150/3(a) (West 2004)).  The trial court dismissed the charges with prejudice, holding that requiring defendant to register as a sex offender violated his due process rights because the crime of which he was convicted did not involve a sexual component.  The State appeals, contending that a rational basis exists for requiring defendant to register as a sex offender.  We reverse and remand.

On May 30, 1996, defendant pleaded guilty to a number of charges including unlawful restraint.  The only factual basis for that charge appearing in the record was that defendant had "detained [L.B.] to some degree" without legal authority.  That conviction required defendant to register as a sex offender.  See 730 ILCS 150/2(B)(1.5) (West 1996).  In 2005, defendant was

charged in two separate cases with failing to register as a sex offender. Defendant moved to dismiss the charges, contending that requiring him to register as a sex offender after he was convicted of an offense that was not a sex crime deprived him of due process. Defendant relied on People v. Johnson, 363 Ill. App. 3d 356 (2006), in which the First District held that the defendant could not be required to register as a sex offender after he was convicted of aggravated kidnapping. Johnson, 363 Ill. App. 3d at 363. The trial court stated that it was constrained to follow Johnson and dismissed the charges with prejudice. The State timely appealed.

On appeal, the State contends that requiring a defendant convicted of unlawful restraint to register as a sex offender does not violate due process. The State further contends that, while the trial court was required to follow Johnson, this court is not so bound and should follow subsequent cases that have repudiated Johnson's holding.

The Sex Offender Registration Act (the Act) provides that a sex offender shall register with the chief of police or county sheriff of any place where he or she resides for more than 10 days. 730 ILCS 150/3(a) (West 2004). As relevant here, the Act defines "sex offender" as one convicted of one or more of several enumerated offenses. 730 ILCS 150/2 (West 2004). When defendant was charged, unlawful restraint was one such offense, provided that the victim was less than 18 years old and the defendant was not the victim's parent. 730 ILCS 150/2(B)(1.5) (West 1996). The legislature has since amended the Act to provide that a defendant convicted of unlawful restraint need not register unless the offense was sexually motivated. Pub. Act 94--945, §1025, eff. June 27, 2006.

In Johnson, the First District held that the defendant's due process rights would be violated by requiring him to register as a sex offender when the aggravated kidnapping was not sexually motivated. Johnson, 363 Ill. App. 3d at 363. A partial dissent in Johnson contended that the

legislature could rationally conclude that aggravated kidnapping of a child is likely a precursor to the commission of a sexual offense against that child. Johnson, 363 Ill. App. 3d at 364-65 (Wolfson, J., specially concurring in part and dissenting in part), citing People v. Fuller, 324 Ill. App. 3d 728, 733 (2001). Two later First District cases rejected Johnson's holding and concluded that requiring a defendant convicted of kidnapping a minor to register as a sex offender did not offend due process. People v. Beard, 366 Ill. App. 3d 197 (2006); In re Philip C., 364 Ill. App. 3d 822, 830-31 (2006). This court also held, in People v. Doll, 371 Ill. App. 3d 1131 (2007), that requiring a defendant convicted of unlawful restraint did not violate due process. Doll, 371 Ill. App. 3d at 1143.

After the briefs were filed in this case, the supreme court reversed Johnson. People v. Johnson, No. 102096 (May 24, 2007). The court agreed with the majority of appellate court panels holding that requiring a defendant convicted of a kidnapping offense to register as a sex offender does not offend due process. Johnson, slip op. at 9-14.

Johnson observed, as does defendant here, that the legislature has amended the statute. The Act now provides that a person convicted of a kidnapping offense must register as a sex offender only if the offense was sexually motivated. Johnson, slip op. at 4, citing Pub. Act 94--945 (eff. June 27, 2006) (amending 730 ILCS 150/2(B)(1.5) (West 2004)). Public Act 94--945 also includes the Child Murderer and Violent Offender Against Youth Registration Act. See Pub. Act 94--945, eff. June 27, 2006 (adding 730 ILCS 154/1 et seq. (West 2006)). Thus, a person convicted of the aggravated kidnapping or unlawful restraint of a minor by a nonparent must now register under the Sex Offender Registration Act when the offense is sexually motivated, and under the Violent Offender Against Youth Registration Act when it is not. Johnson, slip op. at 4.

The court went on to hold that the amendment did not operate retroactively to remove the defendant from the sex offender registry. According to the court, the defendant's only remedy was to attempt to invoke an ill-defined transfer provision to move to the violent offender registry. Johnson, slip op. at 5-8.

Defendant cites the statutory amendments to argue that requiring him to register as a sex offender is inconsistent with the legislature's intent. However, he does not specifically contend that the amendments operate retroactively to absolve him of the duty to register. Moreover, such an argument could not succeed. After Johnson, it is clear that defendant was properly required to register as a sex offender when he was convicted. He was charged with failing to register before the amendments became effective. Therefore, the amendments to the Act do not prevent defendant from being charged with failing to register as a sex offender. For future registration purposes, defendant may seek to avail himself of the amended statute's transfer provisions.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

O'MALLEY and BYRNE, JJ., concur.