2016 IL App (2d) 140358
No. 2-14-0358
Opinion filed March 22, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-2356 |
| CRAIG ARMSTRONG, | ) ) ) | Honorable Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Craig Armstrong, entered a negotiated plea of guilty to one count of failing to register as a sex offender as required by section 6 of the Sex Offender Registration Act (Act) (730 ILCS 150/6 (West 2010)) and was sentenced to three years in prison. The trial court denied his postjudgment motion. On appeal, this court remanded summarily. On remand, defendant proceeded *pro se* and filed a postjudgment motion, which the trial court denied. On appeal, defendant contends that his trial counsel was ineffective for advising him to plead guilty even though the conviction on which his status as a sex offender depended was not actually of a sex offense under the Act (see 730 ILCS 150/2 (West 1996)). We reverse and remand.

¶ 2 On October 27, 2011, the State filed a one-count indictment alleging that, on September 23, 2011, defendant, a sex offender, violated section 6 of the Act by knowingly failing to complete his annual registration within one year of his last annual registration date, September 22, 2010. During discovery, defendant mailed the trial judge a handwritten letter, dated November 21, 2011. The letter attached a copy of a sex-offender registration form, dated September 20, 2010, and signed by defendant and Detective Master Sergeant Jack Bridson of the Bellwood police department as the registering agent. The form listed defendant's "[r]esident address" as 889 W. North Avenue in Villa Park; stated that, on December 22, 1997, in De Kalb County, defendant had been convicted of unlawful restraint (720 ILCS 5/10-3(a) (West 1996)); and stated further that, at the time of the offense, defendant had been 27 years old and the victim had been 17 years old. Defendant signed a statement on the form acknowledging that he had the duty to register on or before September 23, 2010.

¶ 3 On July 11, 2012, the parties appeared in court. Defendant was represented by counsel, who had entered his appearance on June 6, 2012. He is the attorney whose alleged ineffectiveness is the subject of this appeal. The parties presented an agreement under which the State would reduce the charge from a Class 2 felony to a Class 3 felony (by withdrawing the allegation of a prior conviction); defendant would plead guilty; and the State would recommend a three-year prison sentence. The prosecutor noted that among defendant's prior offenses was the 1997 conviction of unlawful restraint, a Class 4 felony that (purportedly) triggered his obligation under the Act to register.

¶ 4 After the judge admonished defendant, the prosecutor provided the factual basis for the charge. The State would submit certified copies of defendant's conviction in case No. 97-CF-322, in De Kalb County, of "unlawful restraint, within it the elements of the victim being under

the age of 18 and the sexual component requiring the defendant to register as a sex offender pursuant to the [Act]." Further, Officer Garcia of the Villa Park police department would testify that, on December 22, 2010, defendant came to the police station because he had changed his residence to Villa Park and that "[o]n those forms, the annual registration date was to be September 22nd of 2011." Finally, Detective Krupiczowicz of the Villa Park police department would testify that, as of early October 2011, defendant had not yet registered in person with the Villa Park police department; that Krupiczowicz had been assigned to locate defendant; and that, on October 7, 2011, he found defendant, who then admitted that he had made "a mistake" by failing to come in to register as required.

¶ 5 The trial court accepted defendant's plea and sentenced him to three years' imprisonment. Defendant did not file a postjudgment motion. On his first appeal, we summarily remanded the cause so that defendant could file a postjudgment motion and his attorney could file a proper certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Armstrong*, No. 2-12-0896 (Nov. 13, 2013) (minute order).

¶ 6 On remand, defendant proceeded *pro se* and filed a lengthy postjudgment motion that did not allege that the 1997 conviction of unlawful restraint was not of a sex offense, or that counsel had been ineffective for allowing him to plead guilty despite this fatal defect in the charge.[1] The trial court denied the motion, and defendant appealed.

---

[1] Probably unnecessarily, defendant also filed a certificate of his own compliance with Rule 604(d), reciting that he had examined the trial court file and the report of proceedings and had made any amendments that were necessary for an adequate presentation of any defects in the proceedings. At the hearing on defendant's motion, the trial judge stated that the hearing could not proceed, because the certificate did not strictly comply with the rule. Apparently, during a

¶ 7    On appeal, defendant raises one contention of error: his attorney was ineffective for advising defendant to plead guilty to failing to register under the Act. Defendant argues that, had trial counsel examined the record in the 1997 case, he would have learned that defendant could not be guilty of failing to register, as his conviction of felony unlawful restraint was not a basis under the Act to adjudicate him a sex offender. Under the Act, defendant's conviction of felony unlawful restraint was of a sex offense only if the victim was under 18 years old and defendant was not the victim's parent. See 730 ILCS 150/2(A)(1)(a), (B)(1.5) (West 1996).[2] He contends that, in the 1997 case, the trial court never found those elements, and he notes that the 1997 judgment did not order him to register under the Act. Therefore, defendant concludes, whatever he might have thought or done since 1997, he was never convicted of an offense that would require him to register under the Act—and, as a consequence, his attorney erred prejudicially by

short recess, defendant filed a new certificate that the judge found sufficient, and the hearing proceeded to a conclusion. However, it appears from the text of the rule that a *pro se* defendant need not file *any* Rule 604(d) certificate. See Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013) ("*The defendant's attorney* shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain [the] defendant's contentions of error ***." (Emphasis added.)). Thus, even if defendant did not file a second certificate that fully tracked the rule's pertinent language, we do not concern ourselves with his understandable failure to certify that he had consulted with himself to ascertain his contentions of error.

[2] Defendant contends that, in addition to these two prerequisites, the offense also had to be sexually motivated. Defendant is mistaken. As we note later, the "sexually motivated" element was not added to section 2(B)(1.5) of the Act until 2006, and it did not apply retroactively to defendant's 1997 offense.

inducing him to plead guilty to an offense of which he could not have been convicted after a trial. Defendant concedes that he has forfeited this issue by failing to raise it in a postjudgment motion (see Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)), but he asks that we address it as plain error.

¶ 8    The State responds that, should this court overlook forfeiture, defendant has not shown that trial counsel was ineffective. The State agrees that, when defendant was convicted of felony unlawful restraint, he was required to register under the Act only if (1) the victim was under 18 years old; and (2) he was not her parent. See 730 ILCS 150/2(A)(1)(a), (B)(1.5) (West 1996). The State notes that defendant raises no claim as to the second prerequisite. The State reasons that it did not need proof beyond a reasonable doubt of the victim's age (see 730 ILCS 150/2(B)(1.5) (West 1996); *People v. Cardona*, 2012 IL App (2d) 100542, ¶ 43) and that evidence in the record, including the sex-offender registration form that defendant filled out, provided the proof. Thus, the State concludes, counsel was not ineffective for obtaining a plea agreement under which defendant avoided a trial, a conviction on a more serious charge, and a potentially longer sentence.

¶ 9    We first address forfeiture. Under Rule 604(d), "[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013). Defendant acknowledges the rule but requests that we review his claim for plain error under Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967). For the following reasons, we elect to do so.

¶ 10    We first note that, as defendant presumes, the forfeiture provision of Rule 604(d) does not foreclose a claim of plain error under Rule 615(a). See *People v. Fuller*, 205 Ill. 2d 308, 322-23 (2002); *People v. McCreary*, 393 Ill. App. 3d 402, 405-06 (2009).

¶ 11     Here, defendant contends that his trial attorney's deficient representation induced him to plead guilty to an offense of which he would necessarily have been acquitted after a trial. Applying forfeiture would risk permitting a serious injustice in the form of a baseless conviction. As this would amount to plain error, we address his claim.  See *People v. Strawbridge*, 404 Ill. App. 3d 460, 462 (2010).

¶ 12     To establish ineffective assistance in the context of a judgment based on a guilty plea, the defendant must show that (1) his trial counsel's performance was objectively unreasonable; and (2) it is reasonably probable that, absent counsel's deficient performance, the defendant would not have pleaded guilty and would have insisted on going to trial.  *People v. Rissley*, 206 Ill. 2d 403, 457 (2003); see generally *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 13     Defendant contends that trial counsel performed deficiently for failing to examine the proceedings and the judgment in the 1997 case that resulted in his conviction of unlawful restraint, the predicate for his obligation to register under the Act.  Defendant argues that, had counsel acquainted himself with the 1997 case, he would have realized that (1) unlawful restraint, as charged and adjudicated, was not a triggering offense under the Act (see 730 ILCS 150/2(B)(1.5) (West 1996)); and (2) the judgment did not order defendant to register under the Act.  Thus, he would not have negotiated the plea bargain, because, at a trial, the State could not have prevailed.

¶ 14     To address defendant's argument, we must examine both the Act, as it read at the time of defendant's conviction of unlawful restraint, and the proceedings in the 1997 case.  We start with the Act as it read in 1997, when defendant pleaded guilty to unlawful restraint and was sentenced accordingly.  Although the Act has been amended since, defendant's status as a sex offender (or not) and his concomitant obligation to register (if any) must be decided based on the law as it

existed at the time of the judgment that allegedly established his status as a sex offender. Defendant would not be entitled to the retroactive benefit of any amendments to the Act that added further prerequisites to being adjudicated a sex offender. See *People v. Johnson*, 225 Ill. 2d 573, 580-81 (2007); *People v. Black*, 394 Ill. App. 3d 935, 942 (2009); *People v. Craig*, 374 Ill. App. 3d 375, 377 (2007) (all holding that 2006 amendment to Act that made unlawful restraint a triggering offense only if it was sexually motivated did not benefit defendants who were convicted of unlawful restraint before amendment took effect). In 1997, unlawful restraint triggered a duty to register under the Act only if (1) the victim was under 18 years of age; (2) the defendant was not a parent of the victim; and (3) the offense was committed on or after January 1, 1996. 730 ILCS 150/2(B)(1.5) (West 1996). We now turn to the 1997 case, on which defendant relies in contending that his conviction did not obligate him to register under the Act.

¶ 15   On October 6, 1997, defendant was charged by complaint with (1) unlawful restraint, in that, on October 5, 1997, he detained Stephanie P. by blocking the doorway of his apartment and, when she reached for the doorknob, pushing her onto the bed, choking her, removing her shirt and bra, and ejaculating onto her chest; and (2) domestic battery (720 ILCS 5/12-3.2(a)(2) (West 1996)) by placing his hands on her breasts. The complaint did not refer to Stephanie P.'s age. On October 24, 1997, the State filed an information reiterating these charges and adding (3) domestic battery (*id.*) based on choking Stephanie P.; and (4) aggravated criminal sexual abuse (720 ILCS 5/12-16(a)(2) (West 1996)) based on sexual contact causing bodily harm. Again, the charges did not refer to the victim's age.

¶ 16   On October 24, 1997, the trial court held a preliminary hearing and arraignment. De Kalb police officer Mark Tehan testified that on October 6, 1997, Stephanie P. told him of the

events on which the charges were based. Tehan said nothing about Stephanie P.'s age. The trial court found probable cause and arraigned defendant. He pleaded not guilty.

¶ 17　On December 22, 1997, the parties presented an agreement under which defendant would plead guilty to unlawful restraint and the State would dismiss the other charges and recommend a sentence of one year's imprisonment. The judge admonished defendant, stating, as pertinent here, that his offense was a Class 4 felony punishable by 1 to 3 years' imprisonment followed by a year of mandatory supervised release, or by up to 30 months' probation or conditional discharge. The judge said nothing about the Act or an obligation to register as a sex offender.

¶ 18　The prosecutor then provided the following factual basis. Defendant committed unlawful restraint "in that he blocked the doorway of his apartment and restrained [Stephanie P.] against her will for a period of time, and in so doing did not allow her to leave the apartment." The judge accepted the plea. The written judgment entered that day did not order defendant to register under the Act (or mention the Act at all) or reference the victim's age.

¶ 19　Defendant did not appeal directly. On May 20, 2014, he filed a *pro se* petition for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)) against the judgment. The petition alleged that the State had fraudulently altered the plea agreement by adding a requirement to register under the Act. It alleged further that, while in prison, defendant was told that he would have to sign a document obligating him to register under the Act, or he would not be released.

¶ 20　The petition attached copies of correspondence between Krupiczowicz and the Du Page County circuit clerk's office. By a fax sent early in October 2011, Krupiczowicz stated that he was investigating possible charges based on a "sex offender registration violation [by] [defendant]." He referred to the 1997 judgment and requested "copies of any court documents

pertaining to [defendant's] sentencing and sex offender registration requirements." On October 6, 2011, "Cindy W." of the clerk's office faxed back, "no sex offender registration order—if you need me to send any of these certified to you please fax me back—." No further correspondence between the police and the clerk's office appears in the record.

¶ 21 On July 15, 2014, the trial court dismissed the petition on the basis that defendant failed to provide the required notice to the State. See 735 ILCS 5/2-1401(b) (West 2014). That judgment is now on appeal. See *People v. Armstrong*, No. 2-14-0805.[3]

¶ 22 Having summarized the 1997 proceedings, we must agree with defendant that his 1997 conviction of unlawful restraint did not make him subject to registration as a sex offender. Defendant's conviction was the product of a negotiated plea agreement. In crafting their agreement, defendant and the State had the right to negotiate the factual basis that would support it. See *People v. Hubbard*, 2012 IL App (2d) 120060, ¶ 17. In turn, the factual basis would establish the nature of the offense for the purposes of defining the range of available consequences. See *id.* ¶¶ 18-21 (applicable sentencing range is the range that applies to the offense as it is described by the factual basis). Here, the factual basis did not set out that the victim was under 18 years of age at the time of the offense. (Indeed, no such fact was *ever* put before the court, at *any* point in the proceedings.) Thus, by virtue of the plea agreement, the offense to which defendant pleaded guilty was not a sex offense, defendant was not subject to the consequence of sex-offender registration, and the prosecution of defendant for failing to register was legally baseless from the outset.

---

[3] The record on appeal in this case was supplemented with the record in appeal No. 2-14-0805.

¶ 23    Accordingly, we agree with defendant that trial counsel rendered ineffective assistance. First, trial counsel was aware that the charge against his client was predicated on a conviction of unlawful restraint, which was not, *per se*, a sex offense. Therefore, to perform reasonably, trial counsel would have reviewed the record in the 1997 case—and learned that, because the victim's age was not put before the court, the offense in fact was not a sex offense. Second, it is reasonably probable (to say the least) that, had defendant realized that he could not be properly convicted of violating the Act, he would have forgone entering his plea and would have taken his chances (if any) at a trial.

¶ 24    Moreover, we note a further problem with counsel's representation and its results: the 1997 proceedings were devoid of references to the Act or to any obligations that defendant might incur thereunder. At the guilty-plea hearing, the trial judge admonished defendant about the consequences of his plea, including the possible prison term and other obligations, but never told defendant that his conviction would require him to register as a sex offender.[4] And, as defendant points out, the judgment did not order him to register under the Act.

¶ 25    The record in the 1997 case reveals that the prosecution of defendant for failing to register under the Act 14 years later was not only statutorily baseless but also premised on an implicit amendment of the judgment to add an obligation that the 1997 trial court neither

---

[4] We do not imply that, even when a defendant actually must register, the trial court must so admonish him. Because registration is only a collateral consequence of a guilty plea, such an admonishment is not required. *People v. Cowart*, 2015 IL App (1st) 131073, ¶ 18. However, the lack of an admonishment is consistent with the lack of the requirement.

admonished defendant about beforehand nor imposed after the plea.[5] Defendant has satisfied us that, had trial counsel made the examination, he would have realized all of this.

¶ 26 The State's arguments to the contrary are unpersuasive. The State notes that the record in the present case contains two references to the fact that the victim was under 18 years of age at the time of the offense—defendant's sex-offender registration form and his letter to the trial judge in this case. However, although these documents do so state, they are not substitutes for the required showing *in the 1997 case* that defendant's offense met the factual prerequisites that the Act established for requiring registration. Defendant's admissions long after the judgment was entered in the 1997 case cannot compensate for the legal insufficiency of the 1997 judgment or for the judgment's complete omission of any reference to the Act, much less to the imposition of any obligations on defendant under the Act.

¶ 27 The State also notes that defendant was convicted in 2005 of failing to register; that he did register in 2010; and that he acknowledged his failure to do so in 2011. None of these post-1997 facts repair the fatal deficiency in the 1997 judgment. Defendant's subjective belief that he was required to register (if indeed he did so believe), and even the belief of various law-enforcement agencies or courts that he was so obligated, do not dispose of whether he was indeed so obligated.

¶ 28 For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for proceedings consistent with this opinion.

¶ 29 Reversed and remanded.

---

[5] Defendant's section 2-1401 petition filed in the 1997 case was, of course, premised on a similar theory. We need not decide the merits of that petition (especially as the judgment dismissing it was based on a jurisdictional matter and is now on appeal separately).